# Exhibit C

CIRCUIT COURT SUMMONS                                          NASHVILLE, TENNESSEE

Service ID 468035

# STATE OF TENNESSEE
# DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

LUCAS, IAN HUNTER

|  | CIVIL ACTION |
|---|---|

vs.

Plaintiff

CIVIL ACTION
DOCKET NO. 24C2481
Method of Service:
   Davidson County Sheriff

VANDERBILT UNIVERSITY
2100 WEST END AVENUE
SUITE 1100
NASHVILLE, TN 37203

**RECEIVED**

**OCT 17 2024**

**Vanderbilt University
Office of the General Counsel**

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  10/15/2024

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
IAN HUNTER LUCAS
221 CHARLESTON AVE
PLEASANT VIEW, TN 37146

**SERVICE
BY SHERIFF**

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

# IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

**IAN HUNTER LUCAS,**
**Plaintiff,**

**v.**

**VANDERBILT UNIVERSITY**
**and**
**VANDERBILT UNIVERSITY SCHOOL OF NURSING**
**Defendants.**

**RECEIVED**

**OCT 1 7 2024**

**Vanderbilt University**
**Office of the General Counsel**



**VERIFIED COMPLAINT**
**JURY DEMAND ENDORSED HEREIN**
**UNDER SEAL AND IN CHAMBER REVIEW**

**FCA NOTICE OF FILING UNDER SEAL**

Pursuant to 31 U.S.C. § 3730(b)(2), this Verified Complaint is being filed under seal. The contents herein contain confidential, sensitive, or proprietary information, including but not limited to personal health information (PHI) subject to the Health Insurance Portability and Accountability Act (HIPAA) and other privacy regulations. Access to this document is restricted and it shall remain under seal until further order of the Court.

## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

**IAN HUNTER LUCAS,**
**Plaintiff,**
**v.**
**VANDERBILT UNIVERSITY**
**and**
**VANDERBILT UNIVERSITY SCHOOL OF NURSING,**
**Defendants.**

**Case No. _____**
**VERIFIED COMPLAINT**
**JURY DEMAND ENDORSED HEREIN**
**UNDER SEAL AND IN CHAMBER REVIEW**

## I. INTRODUCTION

██████████████████████

## II. JURISDICTION

████████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

██████████████████████

██████████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

████████████████████

## III. PARTIES

███████████████████████████

████████████████████████

████████████████████████████

██████████████████████████

██████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████

## STATUTE OF LIMITATIONS

███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

██████

███████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

██████████████████████████████████

█████████████████████████████████

**CONFIDENTIALITY AND HIPAA COMPLIANCE**

███████████████████████████████████

███████████████████████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████████████████████

█████████████████████████████████

███████████████████████████████████

████████████████████████████████████



**IV. GENERAL ALLEGATIONS**











## V. COUNT ONE: BREACH OF CONTRACT

██████████████████████

  ████████████████████████████████████

██████████████████████████████████

███████████████████

  ███████████████████████████████

██████████████████████████████████

## VI. COUNT TWO: BREACH OF THE IMPLIED COVENANT OF GOOD

## FAITH AND FAIR DEALING

  ████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████

  ██████████████████████████████████

████████████████████████████████████

███████████████████████

  █████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

## VII. COUNT THREE: DISCRIMINATION UNDER THE AMERICANS
## WITH DISABILITIES ACT (ADA)





**VIII. COUNT FOUR: RETALIATION FOR REPORTING**

**DISCRIMINATION**

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████

        ██████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

████████

        ██████████████████████████████████

███████████████████████████████████████

████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

        ████████████████████████████████

██████████████████████████████████████

████████████████████

## IX. COUNT FIVE: VIOLATION OF SECTION 504 OF THE

## REHABILITATION ACT

        ████████████████████████████████████





## X. COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL

## DISTRESS (IIED)



███████████

███████████████████████████████████████

███████████████████████████████████████

██████

## XI. COUNT SEVEN: NEGLIGENCE

███████████████████████████████████████████

██████████

███████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

██████████████████████████████████████████

███████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

█████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████

██████████████████████████████████

██████████████████████████████████████

████████████████████████

## XII. COUNT EIGHT: DEFAMATION (LIBEL AND SLANDER)

██████████████████████████████████████

██████████████



████████████████████████████████████

██████████████████████████████████████

███████████████

████████████████████████████████████████

███████████████████████████████

███████████████████████████████

### XIII. COUNT NINE: INVASION OF PRIVACY

████████████████████████████████████████

███████

█████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████

██████████████████████████████████████

███████████████████████████

█████████████████████████

███████████████████████████████████

██████████████████████████████

██████████████████████████████

█████████████████████████████

████████████████████████████████

## XIV. COUNT TEN: DUE PROCESS VIOLATIONS UNDER STATE LAW



## XV. COUNT ELEVEN: WRONGFUL TERMINATION



███████████████████████████████

██████████████████████████████████

███████████████████████████████████

███

███████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

█████████████████

███████████████████████████████

███████████████████████████████████████

███████████████████

██████████████████████████████████

██████████████████████████████

████████████████████████████████████

███████

## XVI. COUNT TWELVE: VIOLATION OF THE FAMILY EDUCATIONAL

## RIGHTS AND PRIVACY ACT (FERPA)

██████████████████████████████████████

██████████████

██████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████

████████████████████████

███████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

██████████████████████████

███████████████████████████████████████████

███████████████████████████████████

██████████████████████

## XVII. COUNT THIRTEEN: DISPARATE TREATMENT UNDER STATE

## ANTI-DISCRIMINATION LAWS

████████████████████████████████████████████

█████████

████████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████



## XVIII. COUNT FOURTEEN: FAILURE TO COMPLY WITH

## TENNESSEE'S COMPUTER-RELATED CRIMES STATUTES

████████████████████████████████████████████████████████

███████████

████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

███████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████.

## XIX. COUNT FIFTEEN: NEGLIGENT INFLICTION OF EMOTIONAL

## DISTRESS

████████████████████████████████████████████████

█████████.

████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████

██████████  ████████████████████.





## XX. COUNT SIXTEEN: TORTIOUS INTERFERENCE WITH

## PROSPECTIVE BUSINESS RELATIONS





## XXI. CONCLUSION





███████████████

**JURY DEMAND:**

████████████████████████████████████

Respectfully submitted,

*/s/ Ian Hunter Lucas*
**IAN HUNTER LUCAS**
Pro Se
Dated: March 12, 2024
221 Charleston Avenue
Pleasant View, TN, 37126
(910) 872-3577 (telephone)
ian.h.lucas@protonmail.com
ianhunterlucas@outlook.com
*Plaintiff Pro Se*

**DECLARATION OF VERIFIED COMPLAINT**

I, Ian Hunter Lucas, declare as follows:

1. I am the Plaintiff in the above-captioned matter.
2. I have read the foregoing Verified Complaint and know the contents thereof.
3. The allegations contained therein are true and correct to the best of my knowledge, information, and belief.
4. I understand that by verifying this Complaint, I am swearing under penalty of perjury under the laws of the United States of America and the State of Tennessee that the foregoing is true and correct.

Executed on this __6th__ day of ____October____, 2024, at Pleasant View, Tennessee.

Respectfully Submitted,
/s/ Ian Hunter Lucas
IAN HUNTER LUCAS
Plaintiff Pro Se
221 Charleston Avenue
Pleasant View, TN 37146
(910) 872-3577
ian.h.lucas@protonmail.com
ianhunterlucas@outlook.com

## NOTICE OF ELECTRONIC SIGNATURE

In accordance with the applicable rules of the Circuit Court of Davidson County, Tennessee, and any relevant electronic filing protocols, this document includes the use of an electronic signature. The designation "/s/ Ian Hunter Lucas" serves as the legally binding equivalent of a handwritten signature for all purposes related to this filing.

By affixing this electronic signature, I, Ian Hunter Lucas, affirm under penalty of perjury that the contents of this document are true and correct to the best of my knowledge, information, and belief. This signature is executed in compliance with all statutory requirements and the rules governing electronic filings in this jurisdiction.

Dated this ___ day of _____, 2024.

Respectfully submitted,

/s/ Ian Hunter Lucas

IAN HUNTER LUCAS

Plaintiff Pro Se

221 Charleston Avenue

Pleasant View, TN 37146

(910) 872-3577

ian.h.lucas@protonmail.com

ianhunterlucas@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___6th__ day of _____October_____, 2024, a true and correct copy of the foregoing Verified Complaint was filed under seal and is therefore not served upon any party until further notice by the Court.

Pursuant to the Court's order, and in compliance with 31 U.S.C. § 3730(b)(2), this document remains under seal and is subject to in-chamber review. Service upon the Defendants will be executed in accordance with the Court's directives once the seal is lifted.

Respectfully submitted,

/s/ Ian Hunter Lucas

IAN HUNTER LUCAS

Pro Se

221 Charleston Avenue

Pleasant View, TN 37146

(910) 872-3577

ian.h.lucas@protonmail.com

ianhunterlucas@outlook.com

# IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

**IAN HUNTER LUCAS,**
Plaintiff,
v.

**VANDERBILT UNIVERSITY, et al.,**
Defendants.

Case No._____

---

## <u>MOTION</u>
## TO SUBMIT COMPLAINT UNDER SEAL AND FOR IN-CHAMBERS REVIEW DUE TO FCA CONTENT

---

Plaintiff, Ian Hunter Lucas, respectfully moves this Honorable Court to allow the filing of the Verified Complaint under seal and to conduct an in-chambers review of the FCA-related content within the complaint. In support of this motion, Plaintiff states the following:

1. **Confidential Nature of FCA Proceedings:**

   o The complaint contains allegations related to a False Claims Act (FCA) qui tam action. Under the FCA, such allegations are typically kept under seal to allow the government to investigate the claims without the risk of public disclosure potentially compromising the investigation.

2. **Potential Prejudice from Public Disclosure:**

   o Public disclosure of the information related to the FCA content could jeopardize ongoing investigations and potentially hinder the government's ability to thoroughly investigate and address the alleged fraudulent activities.

3. **Legal Standard for Sealing Documents:**

- o Courts have recognized the need to seal documents to protect sensitive information and ensure that the judicial process is not compromised. Under Tennessee law, sealing a document is appropriate where disclosure would cause harm or prejudice to the parties involved or where the interests of justice require confidentiality.

4. **Request for In-Chambers Review:**

   - o Given the sensitive nature of the FCA allegations, Plaintiff requests that the Court review the FCA-related content in chambers to determine the appropriate measures to protect the confidentiality of the information while allowing the proceedings to continue.

5. **Limited and Necessary Relief:**

   - o The relief sought is narrowly tailored to protect the confidential information without unduly restricting public access to the remainder of the case file.

WHEREFORE, Plaintiff respectfully requests that this Court grant the motion to file the Verified Complaint under seal, conduct an in-chambers review of the FCA-related content, and provide any further relief deemed appropriate by the Court.

Respectfully submitted,

*/s/ Ian Hunter Lucas*
**IAN HUNTER LUCAS**
*Pro Se*
Dated: October 6, 2024
221 Charleston Avenue
Pleasant View, TN, 37126
(910) 872-3577 (telephone)
ian.h.lucas@protonmail.com
ianhunterlucas@outlook.com
*Plaintiff Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October 2024, a true and correct copy of the foregoing Motion to Submit Complaint Under Seal and for In-Chambers Review Due to FCA Content was served upon the following parties by U.S. Mail, hand delivery,

- **Vanderbilt University**
  Loews Business Tower
  2100 West End Avenue, Suite 1100
  Nashville, TN 37203
- **Vanderbilt University School of Nursing**
  Loews Business Tower
  2100 West End Avenue, Suite 1100
  Nashville, TN 37203

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ Ian Hunter Lucas

IAN HUNTER LUCAS

Pro Se

Dated: [Insert Date]

221 Charleston Avenue

Pleasant View, TN, 37126

(910) 872-3577 (telephone)

ian.h.lucas@protonmail.com

ianhunterlucas@outlook.com

Plaintiff Pro Se

IN THE CIRCUIT COURT FOR THE STATE OF TENNESSEE
TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

IAN HUNTER LUCAS,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )       Case No. _____
                                     )
VANDERBILT UNIVERSITY and            )       JURY DEMAND
VANDERBILT UNIVERSITY SCHOOL         )
OF NURSING,                          )
                                     )
        Defendants.                  )

## ORDER GRANTING MOTION TO FILE COMPLAINT UNDER SEAL

Based upon the limited information in the Verified Complaint, and the referenced pending

federal investigation pursuant to the False Claims Act at 31 U.S.C. § 3729 *et seq*. and 31 U.S.C. §

3730(b)(2), the Presiding Judge has made a preliminary determination that the Verified Complaint

should be filed Under Seal.  This finding is only preliminary and will presumably be reviewed by

the judge to whom it is assigned for handling for further evaluation. This Order is being issued

pursuant to the 19PJ Presiding Judge Order filed May 6, 2019.

It is so ORDERED.

_____
ANNE C. MARTIN, PRESIDING JUDGE

cc by U.S. Mail, email, or efiling as applicable to:

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37126
ian.h.lucas@protonmail.com
ianhunterlucas@outlook.com

Vanderbilt University
Loews Business Tower
2100 West End Avenue, Suite 1100
Nashville, TN 37203

Vanderbilt University School of Nursing
Loews Business Tower
2100 West End Avenue, Suite 1100
Nashville, TN 37203

CIRCUIT COURT SUMMONS          NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 468035

| | |
|---|---|
| LUCAS, IAN HUNTER | CIVIL ACTION<br>DOCKET NO. 24C2481<br>Method of Service:<br>  Davidson County Sheriff |
|                          Plaintiff | |
| vs. | |
| VANDERBILT UNIVERSITY<br>2100 WEST END AVENUE<br>SUITE 1100<br>NASHVILLE, TN 37203 | |
|                          Defendant | |

Service ID 468035

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196203, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

  ISSUED:  10/15/2024

<u>JOSEPH P. DAY</u>
Circuit Court Clerk
Davidson County, Tennessee

By: _____

_____
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

  IAN HUNTER LUCAS
  221 CHARLESTON AVE
  PLEASANT VIEW, TN 37146

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

Service ID 468035

LUCAS, IAN HUNTER

                                                              CIVIL ACTION
                                                              DOCKET NO. 24C2481
                                                              Method of Service:
                                                               Davidson County Sheriff

                                              **Plaintiff**

vs.

VANDERBILT UNIVERSITY
2100 WEST END AVENUE
SUITE 1100
NASHVILLE, TN 37203

                                              Defendant

Service ID 468035

<u>RETURN ON PERSONAL SERVICE OF SUMMONS</u>

I hereby certify and return that on the _____day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____


_____
                                              Sheriff/Process Server


To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev: 09/01/2022

IN THE SECOND CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

IAN LUCAS,                                    )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )        Case No. 24C-2481
                                             )
VANDERBILT UNIVERSITY and                    )
VANDERBILT UNIVERSITY SCHOOL                  )
OF NURSING,                                  )
                                             )
        Defendants.                          )

### ORDER OF RECUSAL

For good cause, the undersigned hereby recuses from this case.

It is, therefore, **ORDERED, ADJUDGED,** and **DECREED** that the Honorable Amanda McClendon,

Judge of the Second Circuit Court recuses from this case and this case be reassigned by the Honorable

Thomas Brothers, Assignment Judge.

Entered this the 16th day of October, 2024.

**Amanda McClendon**, Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of this document was mailed on this the 16th day of October, 2024 to the following:

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37126

Vanderbilt University
Loews Business Tower
2100 West End Avenue, Suite 1100
Nashville, TN 37203

Vanderbilt University School of Nursing
Loews Business Tower
2100 West End Avenue, Suite 1100
Nashville, TN 37203

Deputy Clerk

# IN THE SECOND CIRCUIT COURT FOR THE STATE OF TENNESSEE, TWENTIETH JUDICIAL DISTRICT DAVIDSON COUNTY AT NASHVILLE

| | |
|---|---|
| **IAN HUNTER LUCAS,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| | ) |
| **VANDERBILT UNIVERSITY et al.,** | ) |
| | ) |
| *Defendants.* | ) |

---

## NOTICE OF HEARING

---

Kindly be informed that the <u>Motion for Temporary Restraining Order,</u> submitted by the Plaintiff, Ian Hunter Lucas, is set for a hearing at the Second Circuit Court for the State of Tennessee, Twentieth Judicial District, Davidson County in Nashville. The hearing will occur on **Friday, the 1st of November 2024, at 9:00 A.M.**

Should a response to the motion not be filed and served in a timely manner, it may result in the motion being approved without further legal procedures.

With respect,

/s/ Ian H. Lucas
IAN H. LUCAS
Representing Self (Pro Se)

2

Respectfully submitted,


**IAN H. LUCAS**
**PLAINTIFF PRO SE**
**This document was filed on the 17th day of**
**OCTOBER 2024.**

*/s/Ian H. Lucas*
**Ian H. Lucas**
*Pro Se*
501 Union Street, Suite 545
PMB 257601
Nashville, TN 37219-1876
Ian.h.lucas@protonmail.com

*Petitioner Pro Se*

2

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that on the 17th day of October 2024, I have electronically filed the **NOTICE OF HEARING** with the Court through its electronic filing system. In accordance with the nature of the Temporary Restraining Order being Ex-Parte to avoid causing harm to the Plaintiff, the listed defendants were not served either by U.S. Mail or hand delivery.

The unnotified party is as follows:

Vanderbilt University
Office of the General Counsel
Loews Business Tower
2100 West End Avenue, Suite 1100
Nashville, TN 37203
Recognized General Counsel for Defendants
(as per Official Organizational Records and Publicly Available Notices)

<div align="right">

*/s/ Ian H. Lucas*

**IAN H. LUCAS**

*DATED: this <u>17th</u> day of <u>October,</u> 2024.*

</div>

3

| DAVIDSON COUNTY<br>Circuit Court<br>468035 | RETURN OF SERVICE | CIVIL ACTION<br>DOCKET NO. 24C2481 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| LUCAS, IAN HUNTER | vs. VANDERBILT UNIVERSITY |

**SERVICE DOCUMENT:** SUMMONS DAVIDSON CO-D1 W/C, & ORDER (GRANTING) MT TO FILE COMPLAINT UNDERSEAL

TO:  VANDERBILT UNIVERSITY
2100 WEST END AVENUE
SUITE 1100
NASHVILLE, TN 37203

---

**OFFICER'S RETURN:**

☑ **Executed and/or Served on** <u>VANDERBILT UNIVERSITY</u> **in the following manner:**

Service, Personal

**Comment:** Served Nancy Short

**Court Date:**

☐ **Unable to Execute and/or Serve:** _____

**Comment:**

**DATE OF SERVICE:** 10/17/2024

DARON HALL, SHERIFF

BY: _____<u>/s/ Harry Jines</u>_____
Deputy Sheriff
P. O. Box 196383, Nashville, TN 37219-6383

Rev: 06/02/2020

**CIRCUIT COURT SUMMONS**                                    **NASHVILLE, TENNESSEE**

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 468035



LUCAS, IAN HUNTER

                                                   CIVIL ACTION
                                                   DOCKET NO. 24C2481
                                     **Plaintiff**   Method of Service:
                                                   Davidson County Sheriff

vs.

VANDERBILT UNIVERSITY
2100 WEST END AVENUE
SUITE 1100
NASHVILLE, TN 37203

                                     **Defendant**

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                   JOSEPH P. DAY
ISSUED:  10/15/2024                                Circuit Court Clerk
                                                   Davidson County, Tennessee

                               By:  _____

                                    _____
                                    **Deputy Clerk**

**ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:**
IAN HUNTER LUCAS
221 CHARLESTON AVE
PLEASANT VIEW, TN 37146

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

**rev. 09/01/2022**

**CIRCUIT COURT SUMMONS**                     NASHVILLE, TENNESSEE

Service ID 468035

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20ᵀᴴ JUDICIAL DISTRICT**

LUCAS, IAN HUNTER

CIVIL ACTION
DOCKET NO. 24C2481
Method of Service:
Davidson County Sheriff

Plaintiff

vs.

VANDERBILT UNIVERSITY
2100 WEST END AVENUE
SUITE 1100
NASHVILLE, TN 37203

Defendant

Service ID 468035

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ___ 17 ___ day of ___ Oct ___, 20__:

___ served this Summons and Complaint/Petition on ___ in the following manner: ____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____
Sheriff/Process Server

Deputy Harry Jines
To request an ADA accommodation, please contact Tray Collier at (615) 880-3309 Sheriff's Office
P.O. Box 196383 Nashville, TN 37219-6383

rev. 09/01/2022

**IN THE CIRCUIT COURT FOR THE STATE OF TENNESSEE**
**TWENTHIETH JUDICIAL DISTRICT, DAVIDSON COUNTY**

| | | |
|---|---|---|
| IAN HUNTER LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24C2481 |
| | ) | |
| THE VANDERBILT UNIVERSITY and | ) | JURY DEMAND |
| VANDERBILT UNIVERSITY SCHOOL | ) | |
| OF NURSING, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF APPEARANCE OF MATTHEW "JP" HORTON, II**
**FOR DEFENDANT THE VANDERBILT UNIVERSITY**

Matthew "JP" Horton, II, hereby enters his appearance as counsel on record for The

Vanderbilt University.[1]

Respectfully submitted,

Kevin C. Klein (TN Bar No. 23301)
Matthew "JP" Horton, II (TN Bar No. 038724)
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
kevin.klein@kleinpllc.com
jp.horton@kleinpllc.com

*Counsel for Defendant*

---

[1]  Vanderbilt University School of Nursing is not a distinct entity from defendant the Vanderbilt University. Insofar as Plaintiff's decision to name Vanderbilt University School of Nursing as a separate defendant requires a separate notice of appearance, Matthew "JP" Horton, II hereby enters his notice of appearance as counsel on record for Vanderbilt University School of Nursing.

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2024, a true and correct copy of the foregoing NOTICE OF APPEARANCE was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37216
ian.h.lucas@protonmail.com
ianhunterlucas@outlook.com

Matthew "JP" Horton, II

2

**IN THE CIRCUIT COURT FOR THE STATE OF TENNESSEE**
**TWENTHIETH JUDICIAL DISTRICT, DAVIDSON COUNTY**

| | | |
|---|---|---|
| IAN HUNTER LUCAS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24C2481 |
| | ) | |
| THE VANDERBILT UNIVERSITY and | ) | JURY DEMAND |
| VANDERBILT UNIVERSITY SCHOOL | ) | |
| OF NURSING, | ) | |
| | ) | |
|     Defendants. | ) | |

**NOTICE OF APPEARANCE OF KEVIN C. KLEIN**
**FOR DEFENDANT THE VANDERBILT UNIVERSITY**

Kevin C. Klein hereby enters his appearance as counsel on record for The Vanderbilt

University.[1]

Respectfully submitted,

_____
Kevin C. Klein (TN Bar No. 23301)
Matthew "JP" Horton, II (TN Bar No. 038724)
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
kevin.klein@kleinpllc.com
jp.horton@kleinpllc.com

*Counsel for Defendant*

---

[1]  Vanderbilt University School of Nursing is not a distinct entity from defendant the Vanderbilt University. Insofar as Plaintiff's decision to name Vanderbilt University School of Nursing as a separate defendant requires a separate notice of appearance, Kevin C. Klein hereby enters his notice of appearance as counsel on record for Vanderbilt University School of Nursing.

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2024, a true and correct copy of the foregoing NOTICE OF APPEARANCE was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37216
ian.h.lucas@protonmail.com
ianhunterlucas@outlook.com

Kevin C. Klein

2

## IN THE TRIAL COURTS FOR DAVIDSON COUNTY, TENNESSEE
### TWENTIETH JUDICIAL DISTRICT

IAN LUCAS,                    )
                                     )
       Plaintiff,            )
                                       )
v.                                )       Case No. 24C-2481
                                       )
VANDERBILT UNIVERSITY and    )
VANDERBILT UNIVERSITY SCHOOL   )
OF NURSING,                   )
                                       )
Defendants.                 )

### ORDER

IT APPEARING to the Court that Judge Amanda McClendon has recused herself from hearing this case.

IT IS HEREBY ORDERED that this case be transferred to First Circuit Court for final hearing or other disposition.

Entered this _____ day of October, 2024.

_____
Thomas W. Brothers, Assignment Judge

cc:

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37126

Vanderbilt University
Loews Business Tower
2100 West End Avenue, Suite 1100
Nashville, TN 37203

Vanderbilt University School of Nursing
Loews Business Tower
2100 West End Avenue, Suite 1100
Nashville, TN 37203

## IN THE CIRCUIT COURT FOR THE STATE OF TENNESSEE
## TWENTHIETH JUDICIAL DISTRICT, DAVIDSON COUNTY
## AT NASHVILLE

**IAN HUNTER LUCAS**               )
*Plaintiff,*                             )                    **Case No. 24C2481**
                              V.         )                    **JURY DEMAND**
                                         )
                                         )
**VANDERBILT UNIVERSITY et al.**   )
*Defendants.*                            )

## MOTION FOR RECUSAL OF JUDGE

COMES NOW the Plaintiff, Ian Hunter Lucas, pro se, and respectfully moves this Honorable Court for an order recusing the assigned judge from presiding over this matter. This motion is filed in compliance with all applicable local rules regarding recusal motions. In support of this motion, Plaintiff states as follows:

1. Introduction:

    o This motion is brought pursuant to the principles of judicial impartiality and fairness as fundamental tenets of the justice system.

2. Background:

    o The Plaintiff has filed the present lawsuit against Vanderbilt University, among other defendants, alleging breach of contract, discrimination and other claims.

3. Grounds for Recusal:

    o The judge's alumni status with Vanderbilt University creates an appearance of potential bias or conflict of interest that could reasonably question the judge's impartiality in this matter. As objective evidence of this relationship, the judge's publicly available profile from the court's

Page 1 of 5

website endorses such alumni relationship. The judge's alumni status with Vanderbilt University creates an appearance of potential bias or conflict of interest that could reasonably question the judge's impartiality in this matter. The Plaintiff has verified this information through reliable sources and asserts that this potential conflict is not based on mere speculation or unsubstantiated claims.

4. Legal Standard:

   o While there is no presumption of bias solely based on educational background, the relationship between the judge and the defendant institution in this case could give rise to reasonable concerns about the judge's ability to remain impartial. In similar cases, such as *Caperton v. A.T. Massey Coal Co*., 556 U.S. 868 (2009), the Supreme Court held that recusal was necessary when there was a probability of bias, even without proof of actual bias. Additionally, in in re *Murchison*, 349 U.S. 133 (1955), the Court emphasized that "justice must satisfy the appearance of justice. "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.".

5. Argument:

   o While there is no presumption of bias solely based on educational background, the relationship between the judge and the defendant institution in this case could give rise to reasonable concerns about the judge's ability to remain impartial.

Page 2 of 5

o The appearance of impartiality is as crucial as actual impartiality to maintain public confidence in the judiciary.

6. Conclusion:

o Considering the above, Plaintiff respectfully requests that the Court grant this motion for recusal to ensure a fair and impartial adjudication of the case.

o In the event that recusal is not possible or practical, Plaintiff proposes the following alternative remedies: (1) full disclosure of the judge's relationship with Vanderbilt University on the record, (2) allowing the parties to file additional motions addressing any perceived conflicts, or (3) appointment of a special master to oversee certain aspects of the case that may be particularly sensitive to the potential conflict.

o Plaintiff acknowledges that granting this motion for recusal may impact the case timeline. However, Plaintiff believes that any short-term delay in proceedings is outweighed by the long-term benefits of ensuring a fair and impartial trial. Plaintiff is prepared to work with the Court and opposing counsel to minimize any disruption to the case schedule.

o Plaintiff has not yet had the opportunity to confer with opposing counsel regarding this motion for recusal or the proposed alternatives. Plaintiff is willing to discuss these matters with opposing counsel and the Court to reach a mutually agreeable resolution that ensures the fairness and impartiality of these proceedings.

WHEREFORE, Plaintiff Ian Hunter Lucas respectfully prays that this Court enter an order recusing the Honorable Judge C. David Briley from further participation in this case, appointing a substitute judge, and reassigning the matter to said judge.

Plaintiff further requests that the Court ensure the continuation of proceedings without undue delay following the recusal and reassignment of the case.

Plaintiff requests that upon granting this motion for recusal, the case be reassigned according to the Court's established procedures for judicial reassignment, which typically involve random assignment to another judge within the same judicial district who does not have any potential conflicts of interest with the parties involved.

Respectfully submitted,

**_/s/ Ian Hunter Lucas_**

Ian Hunter Lucas
Pro Se
P.O. Box 61
Elizabethtown, NC, 28337
(910) 872-3577
Ian.h.lucas@outlook.com
Ian.h.lucas@protonmail.com

*Plaintiff, Ian Hunter Lucas, Pro Se*

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 30th day of October 2024, a true and correct copy of the foregoing Motion for Recusal of Judge was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Ian Hunter Lucas*
Ian Hunter Lucas
Pro Se
P.O. Box 61
Elizabethtown, NC, 28337
(910) 872-3577
Ian.h.lucas@outlook.com
Ian.h.lucas@protonmail.com
*Plaintiff, Ian Hunter Lucas, Pro Se*

# Notice of Motion

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| IAN HUNTER LUCAS | ) | |
| | ) | No. 24C2481 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VANDERBILT UNIVERSITY et al., | ) | |
| Defendant(s). | ) | |

## PLANTIFF's

## NOTICE OF MOTION FOR RECUSAL OF JUDGE

TO: All Counsel of Record (see attached list):

**PLEASE TAKE NOTICE** that Plaintiff hereby moves this Court for a hearing on December 13th, 2024, upon the accompanying papers submitted in support of motion, and all prior pleadings and filings, for an Order pursuant to other grounds for motion granting relief sought, and any other and further relief as the Court deems proper and equitable.

*/s/ IAN*

*HUNTER*

*LUCAS*

Ian Hunter

Lucas

By PRO SE

PMB 61

Elizabethtown,

NC, 28337

Telephone:

(910) 872-3577

Email:

lucasianhunter

@outlook.com

Date: October 30, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2024 a copy of the foregoing Plaintiff Ian Hunter Lucas's Notice of Motion for Recusal of assigned Judge was served on the following parties by Electronic Notice of Court E-Filling Systems and is available for viewing on the Court Clerks Website.

*/s/ IAN*

*HUNTER*

*LUCAS*

Ian Hunter

Lucas

By PRO SE

PMB 61

Elizabethtown,

NC, 28337

Telephone:

(910) 872-3577

Email:

lucasianhunter

@outlook.com

Date: October 30, 2024

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| IAN HUNTER LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 24C2481 |
| | ) | |
| THE VANDERBILT UNIVERSITY and | ) | |
| VANDERBILT UNIVERSITY SCHOOL | ) | |
| OF NURSING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Before this Court are Plaintiff's Motion to Recuse and Motion for *Ex-Parte* Temporary Restraining Order. Based upon the written submissions and applying Tennessee Supreme Court Rule 10B, the Court holds:

1.      The only basis for recusal stated by the Plaintiff is: "The judge's alumni status with Vanderbilt University creates an appearance of potential bias or conflict of interest that could reasonably question the judge's impartiality in this matter." Contrary to this assertion, the undersigned judge is not an alumnus of Vanderbilt University nor has he ever attended that institution. The undersigned judge's bio can be found here: (https://trialcourts.nashville.gov/judge-david-briley/). Further, Plaintiff's Motion fails to comply with Tennessee Supreme Court Rule 10B §1.01's requirement that: "The motion [to recuse] shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." Based upon the foregoing, Plaintiff's Motion to Recuse is denied.

2.      Plaintiff's Motion for Temporary *Ex-Parte* Restraining Order is also denied.  The Court will however hear argument on the propriety of a preliminary injunction addressing the same requested relief on Friday December 13, 2024, at 1:00 p.m.  Defendants shall file and serve their response to Plaintiff's Motion Temporary *Ex-Parte* Restraining Order as well as any supporting evidence by the close of business Monday, December 9, 2024, and Plaintiff may file and serve a reply to Defendants' response by the close of business Wednesday, December 11, 2024.  The parties are directed to Davidson County Local Rule 19 for information regarding hearings on requests for extraordinary relief in civil cases.

It is so **ORDERED**.

Entered this 31st day of October, 2024.

_____

JUDGE C. DAVID BRILEY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been sent via Notice of Electronic Filing through the clerk's e-file system and/or to the last provided physical and email addresses.

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37216
ian.h.lucas@protonmail.com
ianhunterlucas@outlook.com

Kevin C. Klein (TN Bar No. 23301)
Matthew "JP" Horton, II (TN Bar No. 038724)
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
kevin.klein@kleinpllc.com
jp.horton@kleinpllc.com

On this the 31st day of October, 2024

<div align="right">

      /s/ Marian Kohl      
Deputy Clerk

</div>

3



**Case Title:**    LUCAS V VANDERBILT UNIVERSITY

**Case Number:**    24C2481

**Type:**    ORDER- GENERAL

The foregoing is hereby ORDERED, ADJUDGED
AND DECREED:

_____

Judge C. David Briley, First Circuit

Electronically signed on 10/31/2024 01:44 PM    page 4 of 4

**IN THE FIRST CIRCUIT COURT FOR THE TWENTHIETH JUDICIAL
DISTRICT AT NASHVILLE**

| | | | |
|---|---|---|---|
| **IAN HUNTER LUCAS** | ) | | |
| *Plaintiff,* | ) | **Case No. 24C2481** | |
| V. | ) | **JURY DEMAND** | |
| | ) | | |
| | ) | | |
| **VANDERBILT UNIVERSITY et al.** | ) | | |
| *Defendants.* | ) | | |
| | ) | | |

**ORDER**

THIS MATTER came before the Court on the Plaintiff's Motion for Preliminary

Injunction. Upon consideration of the motion, the evidence presented, and the

arguments of counsel, the Court finds as follows:

I. FINDINGS OF FACT

1. Plaintiff, Ian Hunter Lucas, is a former professional nursing student at

   Vanderbilt University and its Vanderbilt University School of Nursing in the

   Master of Nursing Program (MN) to obtain professional status as a Registered

   Nurse with intent on graduation and pursuing a Doctor of Nursing Practice

   (DNP) and Post Master Certificate (PMC) as part of a follow on DNP+PMC to

   obtain professional status as a Advanced Practice Registered Nurse commonly

   referred to as a 'Nurse Practitioner'

2. Plaintiff had signed a contract with Vanderbilt University Medical Center as a

   Nurse Scholar with guaranteed full time employment as a Registered Nurse

   Resident post-graduation, and additionally with scholarship funds provided for

   his program of study to include an initial payment of $22,500.00.

3. Defendant, Vanderbilt University, has undertaken actions to expel, academically dismiss, prevent class attendance, or alter the academic status of the Plaintiff.

4. Plaintiff has shown a substantial likelihood of success on the merits of his claims.

5. Plaintiff has and will continue to suffer irreparable harm if the preliminary injunction is not granted, as the Defendant's actions will significantly impact his academic and professional future.

6. The balance of hardships favors the Plaintiff, as the potential harm to the Plaintiff outweighs any potential harm to the Defendant.

7. Granting the preliminary injunction serves the public interest by ensuring that educational institutions adhere to fair and just procedures.

## II. CONCLUSIONS OF LAW

1. Under Tennessee law, a preliminary injunction is warranted when the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a threat of irreparable harm if the injunction is not granted; (3) that the balance of hardships tips in the movant's favor; and (4) that the public interest is not disserved by the injunction. See Johnson v. City of Clarksville, 2003 Tenn. App. LEXIS 413; Sons of Confederate Veterans v. City of Memphis, 2019 Tenn. App. LEXIS 279.

2. Plaintiff has satisfied all the requirements for the issuance of a preliminary injunction.

III. ORDER

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED that:

1. Defendant, Vanderbilt University, is restrained and enjoined from expelling, academically dismissing, preventing class attendance, or altering the academic status of the Plaintiff, Ian Hunter Lucas, pending further order of this Court.

2. This Order shall remain in effect until further order of this Court.

SO ORDERED, this 13th day of December 2024

_____

Judge C. David Briley

Respectfully Prepared,

***/s/ Ian Hunter Lucas***

Ian Hunter Lucas
Pro Se
P.O. Box 61
Elizabethtown, NC, 28337
(910) 872-3577
Ian.h.lucas@outlook.com
Ian.h.lucas@protonmail.com

*Plaintiff, Ian Hunter Lucas, Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November 2024, a true and correct copy of the foregoing proposed Order for Preliminary Injunction was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

***/s/ Ian Hunter Lucas***
Ian Hunter Lucas
Pro Se
P.O. Box 61
Elizabethtown, NC, 28337
(910) 872-3577
Ian.h.lucas@outlook.com
Ian.h.lucas@protonmail.com
*Plaintiff, Ian Hunter Lucas, Pro Se*

## IN THE SECOND CIRCUIT COURT FOR THE TWENTHIETH JUDICIAL DISTRICT, DAVIDSON COUNTY AT NASHVILLE

| | | |
|---|---|---|
| **IAN HUNTER LUCAS** | ) | |
| *Plaintiff,* | ) | |
| V. | ) | **No: 24C2481** |
| | ) | |
| | ) | |
| **STATE OF TENNESSEE et al.** | ) | |
| *Defendants.* | ) | |

## DECLARATION OF IAN HUNTER LUCAS

I, Ian Hunter Lucas, declare as follows:

1. Personal Information

    a. I am the Plaintiff in the matter of Ian Hunter Lucas v. State of Tennessee et al., Case No. 24C1883, currently pending in the Second Circuit Court for the Twentieth Judicial District, Davidson County at Nashville.

    b. My contact information is as follows:

    o   Address: PMB 61, Elizabethtown, NC, 28337

    o   Phone: (910) 872-3577

    o   Email: Ian.lucas@protonmail.com, Ian.lucas@lucasgrayllc.org

2. Efforts to Contact Opposing Counsel

    a. Since the commencement of this case, I have made diligent efforts to engage with the opposing counsel to explore informal resolution or mediation.

    b. I have sent multiple emails to the opposing counsel at their official email address(es), detailing my willingness to discuss potential settlement or alternative dispute resolution mechanisms.

    c. In addition to email correspondence, I have attempted to reach the opposing

counsel through other written communications, including letters sent via certified mail to their office address, and have ensured that these communications were delivered.

3. Responses from Opposing Counsel

a. Despite my repeated attempts, I have not received any response from the opposing counsel regarding my requests to arrange an informal meeting, mediation session, or any other form of settlement discussion.

b. Prior responses from the opposing counsel, when initially contacted, indicated an unwillingness to settle or engage in any resolution processes outside of court procedures.

4. Conclusion

a. I affirm that I have made all reasonable efforts to contact and negotiate with the opposing counsel in good faith, seeking a fair and amicable resolution to the issues in this case.

b. It is my sincere belief that further attempts at direct communication are unlikely to yield a different outcome based on the current circumstances and previous interactions.

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 5th day of November, 2024.

/s/ Ian Hunter Lucas

Ian Hunter Lucas

**CERTIFICATE OF SERVICE**

I, Ian Hunter Lucas, hereby certify that on this 5th day of November, 2024, a true and correct copy of the foregoing Declaration of Ian Hunter Lucas was served upon the following parties via the Court's electronic filing system:

- Kevin C. Klein,Esq and JP Horton, Esq

- Klein Solomon Mills PLLC

- Kevin.Klein@kleinpllc.com, jp.horton@kleinpllc.org

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 5th day of November, 2024.

*/s/ Ian Hunter Lucas*

Plaintiff Pro Se

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

IAN LUCAS                          )
     Plaintiff                   )
                                        )
vs.                                )          No: 24C2481
                                        )          Div. 1
VANDERBILT UNIVERSITY              )
     Defendant                   )

## EXPEDITED MOTION TO COMPEL MEDIATION

COMES NOW, the Plaintiff, Ian Hunter Lucas, acting pro se, and hereby moves this Honorable Court to

compel mediation in the matter against the Defendant, Vanderbilt University. In support of this Motion,

Plaintiff states as follows:

1. The Plaintiff has initiated this action against the Defendant alleging discrimination based on

   disability, retaliation, breach of contract, and other wrongful actions that have resulted in

   significant harm to Plaintiff's academic and professional future.

2. Plaintiff asserts that mediation could provide an efficient, cost-effective, and amicable resolution

   to the disputes between the parties, potentially avoiding the need for further prolonged litigation

   and judicial intervention.

3. Mediation is likely to expedite the resolution of key issues in this case, alleviate ongoing harm to

   the Plaintiff, and advance the interests of justice.

4. The parties have been unable to resolve their disputes through informal means, and formal

   mediation is necessary to facilitate a fair and comprehensive settlement.

5. Compelling mediation is in the best interest of both parties and the court, conserving judicial

   resources and promoting a timely resolution of the matter.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Compel the parties to participate in mediation to address and attempt to resolve all outstanding issues in

this matter.

b. Order that the mediation process be completed by no later than [insert deadline date], ensuring

sufficient time prior to the scheduled Preliminary Injunction Hearing on December 13, 2024, at 1:00 PM;

c. Require the parties to agree on a mediator within [insert number] days of this Order, and if the parties

are unable to agree upon a mediator, that the Court appoint one;

d. Direct all parties to cooperate fully and participate in the mediation process in good faith;

e. Provide such other and further relief as the Court deems just and proper.


Dated: November 4, 2024


Respectfully submitted,


/s/ Ian Hunter Lucas

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37146
(910) 872-3577
ian.h.lucas@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November, 2024, a true and correct copy of the foregoing Motion to Compel Mediation was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Respectfully submitted,

/s/ Ian Hunter Lucas
Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37146
(910) 872-3577
ian.h.lucas@protonmail.com

# IN THE FIRST CIRCUIT COURT OF THE TWENTIETH JUDICIAL DISTRICT
# FOR DAVIDSON COUNTY, TENNESSEE AT NASHVILLE

**CASE NUMBER: 24C2481**

IAN HUNTER LUCAS
 Plaintiff,
 v.
**VANDERBILT UNIVERSITY**
 Defendant.

### MOTION TO COMPEL MEDIATION PRIOR TO PRELIMINARY INJUNCTION HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ian Hunter Lucas (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and respectfully moves this Court for an Order compelling mediation prior to the scheduled preliminary injunction hearing set for December 13, 2024. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

1. This Motion arises in connection with the above-captioned action, which involves claims of breach of contract, tortious interference, etc..

2. The Plaintiff believes that mediation may offer a more efficient and expeditious resolution of the disputes at issue, particularly in light of the impending hearing date, and will aid in promoting a mutually agreeable settlement of the controversies between the parties.

## II. BACKGROUND

1. Plaintiff filed the original complaint in this matter on 10/13/2024

2. On 10/17/2024, Defendant was served with the Summons and Complaint.

3. Since the filing of the complaint, the parties have engaged in limited discussions regarding the possibility of resolution and have yet to reach any settlement agreement.

4. The preliminary injunction hearing is currently set for December 13, 2024. In anticipation of this hearing, both parties have incurred substantial costs and resources.

## III. LEGAL AUTHORITY

1. **Tennessee Code Annotated § 29-24-101** permits courts to compel the use of alternative dispute resolution methods, including mediation, for the resolution of disputes.

2. Tennessee courts have recognized the advantages of mediation in terms of cost efficiency, time savings, and the facilitation of communication between parties.

3. It is well established that courts have the inherent authority to manage their dockets and ensure expedient resolutions to promote justice and efficiency.

## IV. ARGUMENT

1. **Mediation as a Favorable Precondition to Litigation**
   a. It is the policy of the State of Tennessee to encourage the resolution of disputes through mediation prior to engaging in the full litigation process. b. Mediation provides the parties with a forum for open dialogue, enabling them to explore interests and settlement possibilities without the pressures associated with court proceedings.

2. **Judicial Economy and Resource Conservation**
   a. Given the Court's docket, judicial resources can be conserved through the mediation process. If successful, mediation may render the preliminary injunction hearing unnecessary, thus saving judicial resources and reducing the burden on the court. b. Mediation could lead to resolution of not only the issues present in the motion for preliminary injunction, but potentially resolve additional issues that may arise during the litigation.

3. **Potential for Settlement**
   a. The Plaintiff believes that mediation will permit the parties to engage in constructive discussion, which may facilitate a settlement. b. In instances where the parties have previously engaged in mediation, many have found common ground and reached a resolution without needing to proceed to a hearing.

## V. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Grant this Motion to Compel Mediation prior to the scheduled preliminary injunction hearing on December 13, 2024.

2. Order the parties to participate in mediation and provide a report to the Court regarding the outcome.

3. Extend the deadlines associated with the preliminary injunction hearing, precisely to enable the mediation process to take place.

4.  Grant such other and further relief as the Court deems just and proper.

# VI. CERTIFICATE OF SERVICE

I,Ian Hunter Lucas, do hereby certify that a true and correct copy of this Motion to Compel Mediation has been served upon all parties or their counsel in accordance with Rule 5 of the Tennessee Rules of Civil Procedure on this November 4th 2024.

# VII. CONCLUSION

In conclusion, Plaintiff respectfully submits that mediation is a reasonable and prudent step prior to the upcoming preliminary injunction hearing. The parties stand to benefit from this process, and it may significantly assist in bringing the matter to a just and equitable resolution.

Respectfully submitted this November 4th 2024

/s/ Ian Hunter Lucas

Ian Hunter Lucas

Pro Se

PMB 61

Elizabethtown, NC, 28337

(910) 872-3577

Ian.h.lucas@outlook.com

**Plaintiff**

IN THE FIRST CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

IAN LUCAS                                    ,
      Plaintiff                          ,

vs.                                          No: 24C2481
                                             Div. 2
VANDERBILT UNIVERSITY                        ,
      Defendant                          .


## MOTION FOR EXPEDITED HEARING ON MOTION TO COMPEL MEDIATION PRIOR TO PRELIMINARY INJUNCTION HEARING

COMES NOW, the Plaintiff, Ian Hunter Lucas, acting pro se, and hereby moves this Honorable Court to set an expedited hearing on Plaintiff's Motion to Compel Mediation prior to the currently scheduled Preliminary Injunction Hearing on December 13, 2024, at 1:00 PM. In support of this Motion, Plaintiff states as follows:

1. The Plaintiff has filed a Motion to Compel Mediation, seeking to resolve the underlying issues through mediation prior to the Preliminary Injunction Hearing. Mediation may provide an efficient, cost-effective, and amicable resolution to the disputes between the parties.

2. The Preliminary Injunction Hearing is currently set for December 13, 2024, at 1:00 PM. Given the limited time before this hearing, an expedited hearing on the Motion to Compel Mediation is necessary to allow for sufficient time to conduct mediation and potentially avoid the need for further judicial intervention.

3. An expedited hearing will not prejudice the Defendants. Instead, it may facilitate a timely and equitable resolution of the matter, reducing the need for prolonged litigation and conserving judicial resources.

4. Plaintiff asserts that mediation could significantly expedite the resolution of key issues, alleviating ongoing harm and advancing the interests of justice in this case.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Set an expedited hearing on Plaintiff's Motion to Compel Mediation at the earliest possible date prior

to the Preliminary Injunction Hearing scheduled for December 13, 2024, at 1:00 PM;

b. Provide such other and further relief as the Court deems just and proper.

Dated: November 4, 2024

Respectfully submitted,


**_/s/ Ian Hunter Lucas_**

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37146
(910) 872-3577
ian.h.lucas@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November 2024, a true and correct copy of the foregoing Motion for Expedited Hearing on Motion to Compel Mediation Prior to Preliminary Injunction Hearing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Respectfully submitted,

*/s/ Ian Hunter Lucas*

Ian Hunter Lucas
221 Charleston Avenue
Pleasant View, TN 37146
(910) 872-3577
ian.h.lucas@protonmail.com

# IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

IAN LUCAS                    )
       Plaintiff           )
                          )
vs.                         )     No: 24C2481
                          )     Div. 1
VANDERBILT UNIVERSITY    )
       Defendant       )

# ORDER

Upon consideration of the Plaintiff's Motion to Compel Mediation and the entire record herein, it is hereby ORDERED as follows:

1. The Motion to Compel Mediation filed by the Plaintiff, Ian Hunter Lucas, is GRANTED.

2. The parties are hereby ordered to participate in mediation to address and attempt to resolve all outstanding issues in this matter.

3. The mediation process shall be completed by no later than [insert deadline date], ensuring sufficient time prior to the scheduled Preliminary Injunction Hearing on December 13, 2024, at 1:00 PM.

4. The parties shall agree on a mediator within [insert number] days of this Order. If the parties are unable to agree upon a mediator, the Court will appoint one.

5. All parties shall cooperate fully and participate in the mediation process in good faith.

6. Nothing in this Order shall be construed to extend or modify any deadlines or hearing dates already set in this matter, unless otherwise ordered by the Court.

7. The Court retains jurisdiction to enforce the terms of this Order and to impose sanctions on any party that fails to comply with this Order.

8. The parties are to inform the Court of the mediation outcome within [insert number] days of its completion.

SO ORDERED this ___ day of _____, 2024.

_____
Judge C. David Briely

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

IAN LUCAS                           )
     Plaintiff                    )
                                  )
vs.                                 )       No: 24C2481
                                  )       Div. 2
VANDERBILT UNIVERSITY               )
     Defendant                    )

## ORDER SETTING EXPEDITED HEARING

Upon consideration of the Plaintiff's Motion for Expedited Hearing on Plaintiff's Motion to Compel

Mediation, and for good cause shown, it is hereby ORDERED as follows:

1. The Motion for Expedited Hearing is GRANTED.

2. An expedited hearing on Plaintiff's Motion to Compel Mediation shall be set and is to be held on

   the ___ day of _____, 2024, at **:** AM/PM.

3. The expedited hearing shall address the issues raised in Plaintiff's Motion to Compel Mediation,

   including but not limited to the potential for resolving the underlying disputes through mediation

   prior to the scheduled Preliminary Injunction Hearing on December 13, 2024, at 1:00 PM.

4. All parties are directed to appear and be prepared to address all matters related to the Motion to

   Compel Mediation.

5. The Clerk of this Court is directed to notify all parties of the date and time of the expedited

   hearing.

SO ORDERED this ___ day of _____, 2024.

_____

Judge C. David Briley

 Outlook

---

**Courtesy NEF RE: 24C2481**

---

**From** MetroEfile@nashville.gov <MetroEfile@nashville.gov>
**Date** Tue 11/5/2024 11:50 AM
**To** Kevin Klein <kevin.klein@kleinpllc.com>
**Cc** Erin Pigg <erin.pigg@kleinpllc.com>; Virginia Gryder <virginia.gryder@kleinpllc.com>

---

<span style="color:red">***** IMPORTANT NOTICE - READ THIS INFORMATION *****</span>

<span style="color:red">NOTICE OF ELECTRONIC FILING [NEF]</span>

---

A filing has been submitted to the Davidson County Circuit Court Clerk concerning:

| | |
|---|---|
| **Case #:** | 24C2481 |
| **Case Title:** | LUCAS V VANDERBILT UNIVERSITY |
| **Court:** | DAVIDSON COUNTY CLERK OF COURTS |
| | Circuit |
| **Judge:** | C DAVID BRILEY - 1st Circuit |
| **Official File Stamp:** | 11-05-2024:11:50:03 AM |
| **Case Title:** | LUCAS V VANDERBILT UNIVERSITY |
| **Document(s) Submitted:** | DENIED (ORDER) PROPOSED ORDER GRANTING EXPEDITED HEARING |
| **Filed By:** | Marian Kohl |

This notice was automatically generated by the courts auto-notification system. You should access your eFiling account by clicking the document link to view the document(s).

**The following people were served electronically:**

KEVIN CHRISTOPHER KLEIN for VANDERBILT UNIVERSITY

LUCAS, IAN HUNTER

MATTHEW JP HORTON for VANDERBILT UNIVERSITY

**The following people have not been served electronically by the Court. Therefore, they must be served by conventional means:**

VANDERBILT UNIVERSITY SCHOOL OF NURSING

**Address:** VANDERBILT UNIVERSITY SCHOOL OF NURSING

2100 WEST END AVENUE

SUITE 1100

NASHVILLE, TN 37203

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

| | | |
|---|---|---|
| IAN LUCAS | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No: 24C2481 |
| | ) | Div. 2 |
| VANDERBILT UNIVERSITY | ) | |
| Defendant | ) | |

## ORDER SETTING EXPEDITED HEARING

Upon consideration of the Plaintiff's Motion for Expedited Hearing on Plaintiff's Motion to Compel

Mediation, and for good cause shown, it is hereby ORDERED as follows:

1. The Motion for Expedited Hearing is GRANTED.

2. An expedited hearing on Plaintiff's Motion to Compel Mediation shall be set and is to be held on

   the ___ day of _____, 2024, at **:** AM/PM.

3. The expedited hearing shall address the issues raised in Plaintiff's Motion to Compel Mediation,

   including but not limited to the potential for resolving the underlying disputes through mediation

   prior to the scheduled Preliminary Injunction Hearing on December 13, 2024, at 1:00 PM.

4. All parties are directed to appear and be prepared to address all matters related to the Motion to

   Compel Mediation.

5. The Clerk of this Court is directed to notify all parties of the date and time of the expedited

   hearing.

SO ORDERED this ___ day of _____, 2024.

_____

Judge C. David Briley

# IN THE FIRST CIRCUIT FOR THE TWENTHIETH JUDICIAL DISTRICT, DAVIDSON COUNTY AT NASHVILLE

IAN HUNTER LUCAS    )
*Plaintiff,*        )
       *V.*    )   **Case No. 24C2481**
          )   **JURY DEMAND**
          )
VANDERBILT UNIVERSITY et al. )
*Defendants.*      )

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL MEDIATION

I.   Introduction

  The plaintiff respectfully submits this memorandum of law in support of the motion to compel mediation. Mediation is a valuable tool for dispute resolution, recognized and enforceable under Tennessee law. The plaintiff seeks an order compelling the parties to engage in mediation to resolve the present dispute.

II. Legal Standard

  Under Tennessee law, courts have the authority to order parties to participate in mediation. Tennessee Supreme Court Rule 31 explicitly provides that, upon motion of either party or on its own motion, a court may order the parties to an eligible civil action to participate in mediation or other appropriate alternative dispute resolution proceedings Harris v. Hall, 2001 Tenn. App. LEXIS 856. This rule underscores the judiciary's commitment to making the dispute resolution process more efficient, economical, and fair.

## III. Enforceability of Mediation Agreements

   Mediation agreements in Tennessee are treated as contracts and are enforceable under contract law principles. Until approved by the courts, a mediated agreement is essentially contractual in nature [PNC Multifamily Capital Institutional Fund XXVI L.P. v. Mabry, 402 S.W.3d 654](). Tennessee courts consistently apply the principles of contract law to determine whether a mediated agreement can form the basis for a judgment. This means that a mediated agreement, once reduced to writing and signed by both parties, is construed and enforced in the same manner as other contracts. [Green v. YMCA of Memphis & the Mid-South, 2015 Tenn. App. LEXIS 891]()

## IV. Statutory and Case Law Support

   Tennessee Code Annotated (T. C. A. ) 29-5-303 provides that a court must distinguish between arguments attacking an agreement that can be resolved solely as a matter of law and those requiring resolution of factual issues. This statute supports the necessity of an evidentiary hearing when facts related to an arbitration agreement are disputed. Although this statute specifically addresses arbitration, its principles are applicable to mediation agreements as well.

   Furthermore, Tennessee Supreme Court Rule 31, Section 3, allows courts to order mediation in eligible civil actions, reinforcing the statutory framework that supports the plaintiff's motion to compel mediation.

V. Potential Counterarguments

1. **Lack of Jurisdiction or Authority**: A potential counterargument could be that the court lacks the jurisdiction or authority to compel mediation in this particular case. However, Tennessee Supreme Court Rule 31 explicitly grants courts the authority to order mediation in eligible civil actions, thereby addressing this concern.

2. **Inapplicability of Mediation**: Another counterargument might be that mediation is not appropriate for the specific nature of the dispute. The plaintiff can counter this by demonstrating that mediation is a flexible and adaptable process suitable for a wide range of disputes, and that it can provide a more efficient and economical resolution.

3. **Previous Attempts at Mediation**: The opposing party might argue that previous attempts at mediation have failed, and therefore, compelling mediation would be futile. The plaintiff can respond by emphasizing that the court-ordered mediation process, with the court's oversight, may provide a different and more structured environment that could lead to a successful resolution.

4. **Contractual Provisions**: The defendant may argue that the contract between the parties does not include a mediation clause, or explicitly excludes mediation. The plaintiff can counter this by highlighting that Tennessee courts have the authority to

order mediation regardless of the presence or absence of a mediation clause in the contract.

VI. Conclusion

For the reasons stated above, the plaintiff respectfully requests that this Court grant the motion to compel mediation. Mediation is a recognized and enforceable method of dispute resolution under Tennessee law, and compelling mediation in this case will promote an efficient, economical, and fair resolution of the dispute.

Respectfully submitted,

*/s/ Ian H. Lucas*
Ian H. Lucas
Pro Se
PMB 61
Elizabethtown, NC, 28337
(910) 872-3577
ianhunterlucas@outlook.com

*Plaintiff Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2024, a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Support of Motion to Compel Mediation was served via the Court's electronic filing system. All parties have been served in accordance with the applicable rules of the Tennessee state courts.

Respectfully submitted,

/s/ Ian H. Lucas

Ian H. Lucas

Plaintiff Pro Se

PMB 61

Elizabethtown, NC, 28337

(910) 872-3577

ianhunterlucas@outlook.com

**IN THE FIRST CIRCUIT FOR THE TWENTHIETH JUDICIAL DISTRICT,
DAVIDSON COUNTY AT NASHVILLE**

| | | |
|---|---|---|
| **IAN HUNTER LUCAS** | ) | |
| *Plaintiff,* | ) | |
| V. | ) | **Case No. 24C2481** |
| | ) | **JURY DEMAND** |
| | ) | |
| **VANDERBILT UNIVERSITY et al.** | ) | |
| *Defendants.* | ) | |

**NOTICE OF HEARING**

Please take notice that a hearing on the Motion to Compel Mediation in the

above-captioned case has been scheduled as follows:

**Date:** December 13, 2024

**Time:** 1:00 p.m.

**Location:** Davidson County Courthouse and City Hall, 1 Public Square, Nashville, TN

The purpose of this hearing is to address the MOTION TO COMPEL

MEDIATION **Please ensure your attendance and have any necessary**

**documentation or materials ready for presentation.**

Thank you for your attention to this matter.

Respectfully Submitted,

*/s/ Ian H. Lucas*
Ian H. Lucas
Pro Se
379 Happy Valley Road
Elizabethtown, NC, 28337
(910) 872-3577
ian.h.lucas@outlook.com
ian.h.lucas@protonmail.com
**Plaintiff**

**Certificate of Service**

I hereby certify that on November 7, 2024, true and correct copy of the foregoing Notice of Hearing was filed and served electronically via the Clerk's Electronic Filing System on all counsel of record.

Sincerely,

**_/s/ Ian H. Lucas_**
Ian H. Lucas
Pro Se
379 Happy Valley Road
Elizabethtown, NC, 28337
(910) 872-3577
ian.h.lucas@outlook.com
ian.h.lucas@protonmail.com
**Plaintiff**

IN THE FIRST CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

IAN LUCAS                              )
    Plaintiff                         )
                                      )
vs.                                    )          No: 24C2481
                                      )          Div. 1
VANDERBILT UNIVERSITY                  )
    Defendant                         )


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**

**FOR PRELIMINARY INJUNCTION**

## I. Introduction

The plaintiff, Ian Lucas, has filed a motion seeking a preliminary injunction against Vanderbilt

University and related individuals. Mr. Lucas, a former graduate nursing student with a

recognized physical disability, alleges that the defendants have engaged in discriminatory and

retaliatory actions that have unjustly hindered his academic progress and led to his dismissal and

expulsion from the university. The motion aims to prevent further irreparable harm to Mr.

Lucas's academic standing, future career opportunities, emotional health, and reputation.

## II. Background

Ian Lucas was enrolled as a graduate nursing student at Vanderbilt University and was registered

with the university's Student Disability Services. He claims that the defendants discriminated

against him based on his disability and retaliated against him for exercising his rights. The

specific allegations include unfair academic dismissal, expulsion, and being labeled as a threat

by university police, which resulted in additional punitive measures against him.

Mr. Lucas reports that these retaliatory actions followed his complaints about violations of equal opportunity access. He further alleges that the defendants engaged in witness intimidation and obstruction of justice. The plaintiff has provided evidence such as emails and other documents to support his claims.

## III. Argument

### A. Likelihood of Success on the Merits

The plaintiff argues that there is a strong likelihood of success on the merits of his claims, which include:

·**Discrimination:** Evidence suggests the plaintiff was discriminated against due to his disability.

·**Retaliation:** Defendants' actions appear to be in retaliation for the plaintiff's complaints about violations of equal opportunity access.

·**Breach of Contract:** The defendants' actions violated contractual obligations to the plaintiff as a student.

### B. Irreparable Harm

The plaintiff asserts that he is experiencing ongoing irreparable harm, including:

·**Hindrance to Academic Progress:** The plaintiff's education has been unjustly interrupted.

·**Career Opportunities:** The plaintiff's future career as a nursing professional is significantly jeopardized.

·**Emotional and Reputational Damage:** The plaintiff is suffering severe emotional distress and damage to his reputation.

### C. Balance of Equities

The balance of equities tips in favor of the plaintiff, as granting the injunction will prevent further harm to the plaintiff's academic and professional future without causing undue burden to the defendants.

## D. Public Interest

Issuance of the preliminary injunction aligns with the public interest by:

· **Ensuring Fairness in Education:** Upholding principles of fairness and non-discrimination in educational institutions.

· **Augmenting Healthcare Workforce:** Facilitating the plaintiff's uninterrupted education, contributing to the public welfare amidst a national nursing shortage.

## IV. Prayer for Relief

The plaintiff respectfully requests that this court:

1. Issue a preliminary injunction ordering the defendants to reinstate the plaintiff to Vanderbilt University and the Vanderbilt School of Nursing Master of Nursing Program immediately, with all associated rights and privileges.

2. Expunge any academic disciplinary actions from the plaintiff's university records that arose from the alleged incidents.

3. Grant any further relief the court deems just and proper.

Respectfully Submitted,

*/s/ Ian H. Lucas*

**Ian H. Lucas**
Pro Se
PMB 61
Elizabethtown, NC, 28336
(910) 872-3577
ianhunterlucas@outlook.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this November 11, 2024 a true and correct copy of the **Plaintiff's**

**Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction** was filed

electronically. Notice of this filing will be sent by the Court's electronic filing system to all

parties indicated on the electronic filing receipt. Parties may access this filing through the

Court's electronic filing system.

Respectfully submitted,

*/s/ Ian H. Lucas*
**Ian H. Lucas**
Pro Se
PMB 61
Elizabethtown, NC, 28336
(910) 872-3577
ianhunterlucas@outlook.com

IN THE FIRST CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

IAN HUNTER LUCAS                      )
                                      )
            Plaintiff                 )
                                      )
vs.                                   )        No: 24C2481
                                      )        Div. 1
VANDERBILT UNIVERSITY                 )
            Defendant                 )

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### I. Introduction

Plaintiff, Ian Lucas, respectfully submits this Motion for Preliminary Injunction against Vanderbilt University. Plaintiff alleges that the university has engaged in discriminatory and retaliatory actions that have severely hindered his academic progress, leading to his dismissal and expulsion. The plaintiff seeks immediate judicial intervention to prevent further irreparable harm to his academic standing, career opportunities, emotional health, and reputation.

### II. Background

Ian Lucas, a former graduate nursing student with a recognized physical disability, was registered with Vanderbilt University's Student Disability Services. Despite these accommodations, the plaintiff faced discriminatory and retaliatory actions from the university. These actions included but were not limited to unjust adverse academic decisions, culminating in his unwarranted dismissal and expulsion from the institution. Mr. Lucas contends that these adverse actions were retaliatory, following his complaints about violations of equal opportunity access within the university.

### III. Argument

1. **Irreparable Harm**: The plaintiff will continue to suffer irreparable harm without the Court's intervention. The harm includes substantial detriment to his academic and professional future,

severe emotional distress, and damage to his reputation. Once lost, these opportunities cannot be adequately compensated by monetary damages alone.

2. **Likelihood of Success on the Merits**: The plaintiff's documented evidence and claims provide a strong indication of success. The detailed allegations of discriminatory practices and retaliatory actions by the university are well-supported, showing a clear likelihood of prevailing on the merits.

3. **Balance of Equities**: The balance of equities tips heavily in favor of the plaintiff. Preventing further discrimination and retaliation offers protection without imposing unjust hardship on the defendants. The requested injunction serves to halt ongoing harm rather than create new obligations or burdens for the university.

4. **Public Interest**: Granting this preliminary injunction aligns with the public interest by reinforcing the principles of equal opportunity and non-discrimination in educational settings. Upholding these principles ensures that all students, regardless of disability status, are treated fairly and without bias.

## IV. Prayer for Relief

Wherefore, the plaintiff respectfully requests that this Court:

1. Grant a preliminary injunction enjoining Vanderbilt University from engaging in any further discriminatory or retaliatory actions against the plaintiff;

2. Order the immediate reinstatement of the plaintiff to Vanderbilt University's nursing program, allowing him to resume his studies without further hindrance;

3. Expunge any academic disciplinary actions from the plaintiff's university records that arose from the alleged retaliatory incidents;

4. Provide such other and further relief as the Court deems just and proper to ensure the plaintiff's rights are protected and upheld.

Respectfully Submitted,

*/s/ Ian H. Lucas*
**Ian H. Lucas**
Pro Se
221 Charleston Avenue
Pleasant View, TN 37146
(910) 872-3577
ian.h.lucas@protonmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2024, a true and correct copy of the Plaintiff's Motion for Preliminary Injunction was filed electronically. Notice of this filing will be sent by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Respectfully submitted,

*/s/ Ian H. Lucas*
**Ian H. Lucas**
Pro Se
221 Charleston Avenue
Pleasant View, TN 37146
(910) 872-3577
ian.h.lucas@protonmail.com



---

**Retraction: Courtesy NEF RE: 24C2481**

---

**From** MetroEfile@nashville.gov <MetroEfile@nashville.gov>
**Date** Wed 11/13/2024 7:04 AM
**To** Kevin Klein <kevin.klein@kleinpllc.com>
**Cc** Erin Pigg <erin.pigg@kleinpllc.com>; Virginia Gryder <virginia.gryder@kleinpllc.com>

<p style="text-align:center; color:red;"><b>The Notice below is RESCINDED: The filing was not filed.</b></p>

---

<span style="color:red;">**\*\*\*\*\* IMPORTANT NOTICE – READ THIS INFORMATION \*\*\*\*\* NOTICE OF ELECTRONIC FILING [NEF]**</span>

---

A filing has been submitted to the Davidson County Circuit Court Clerk concerning:

| | |
|---|---|
| **Case #:** | 24C2481 |
| **Case Title:** | LUCAS V VANDERBILT UNIVERSITY |
| **Court:** | DAVIDSON COUNTY CLERK OF COURTS |
| | Circuit |
| **Judge:** | C DAVID BRILEY – 1st Circuit |
| **Official File Stamp:** | 11-12-2024:02:55:37 PM |
| **Case Title:** | LUCAS V VANDERBILT UNIVERSITY |
| **Document(s) Submitted:** | REQUEST SUBPOENA DUCES TECUM |
| **Filed By:** | Ian Hunter Lucas |

This notice was automatically generated by the courts auto-notification system. You should access your eFiling account by clicking the document link to view the [document(s)](#).

**The following people were served electronically:**

KEVIN CHRISTOPHER KLEIN for VANDERBILT UNIVERSITY

LUCAS, IAN HUNTER

MATTHEW JP HORTON for VANDERBILT UNIVERSITY

**The following people have not been served electronically by the Court. Therefore, they must be served by conventional means:**

VANDERBILT UNIVERSITY SCHOOL OF NURSING

**Address:** VANDERBILT UNIVERSITY SCHOOL OF NURSING

2100 WEST END AVENUE

SUITE 1100

NASHVILLE, TN 37203

**IN THE FIRST CIRCUIT COURT**
**FOR THE TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY AT**
**NASHVILLE**

IAN HUNTER LUCAS

_____ /

**Plaintiff(s)**

  **vs.**                                            **CASE NO. 24C2481**

**VANDERBILT UNIVERSITY**

_____ /

**Defendant(s)**

---

**DESIGNATION OF EMAIL ADDRESS FOR SERVICE**

**Introduction**

COMES NOW Ian Hunter Lucas pursuant to Rule 2.516 of the Tennessee Rules of Judicial Administration hereby designates the following email address to receive pleadings: ian.h.lucas@protonmail.com.

**Additional Information**

The plaintiff will ensure the software filters have been removed from his computer, so it does not interfere with his ability to receive electronic mail.

Respectfully submitted on November 13, 2024,

_Ian Hunter Lucas_ (signature)

_____

Ian Hunter Lucas
PMB 61 Elizabethtown, North Carolina 28337
ian.h.lucas@protonmail.com
(910) 872-3577

1

## IN THE FIRST CIRCUIT COURT
## FOR THE TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY AT NASHVILLE

**IAN HUNTER LUCAS**

_____ /

**Plaintiff(s)**

  **vs.**
                        **CASE NO. 24C2481**

**VANDERBILT UNIVERSITY**

_____ /

**Defendant(s)**

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing has

been furnished by Email or E-Service on November 13, 2024 to the following:

- Kevin C. Klein, Klein Solomon Mills, PLLC, Attorney for Vanderbilt University, 1322 4th Ave

N, Nashville, Tennessee 37208, kevin.klien@kleinpllc.com

_____

Ian Hunter Lucas
PMB 61 Elizabethtown, North Carolina
28337
ian.h.lucas@protonmail.com
(910) 872-3577

2

# IN THE FIRST CIRCUIT COURT
## FOR THE TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY AT NASHVILLE

**IAN HUNTER LUCAS**

_____ /

**Plaintiff(s)**

  **vs.**

                   **CASE NO. 24C2481**

**VANDERBILT UNIVERSITY**

_____ /

**Defendant(s)**

## NOTICE OF SERVING

**Notice**

Please take notice that the undersigned, Ian Hunter Lucas, has served the following documents via electronic service and email on November 13, 2024:
1. DESIGNATION OF EMAIL ADDRESS FOR SERVICE
2. REQUEST FOR PRODUCTION OF DOCUMENTS

The notice serves to inform the court and parties about the service of the specified documents.

                 Respectfully submitted on November 13, 2024,

                 _____
                 Ian Hunter Lucas
                 PMB 61 Elizabethtown, North Carolina 28337
                 ian.h.lucas@protonmail.com
                 (910) 872-3577

1

**IN THE FIRST CIRCUIT COURT**
**FOR THE TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY AT**
**NASHVILLE**

**IAN HUNTER LUCAS**
_____/

**Plaintiff(s)**

  **vs.**

                         **CASE NO. 24C2481**

**VANDERBILT UNIVERSITY**
_____/

**Defendant(s)**

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing has

been furnished by Email or E-Service on November 13, 2024 to the following:

- Kevin C. Klein, Klein Solomon Mills, PLLC, Attorney for Vanderbilt University, 1322 4th Ave
N, Nashville, Tennessee 37208, kevin.klien@kleinpllc.com

_____

Ian Hunter Lucas
PMB 61 Elizabethtown, North Carolina
28337
ian.h.lucas@protonmail.com
(910) 872-3577

2

# IN THE FIRST CIRCUIT COURT FOR THE TWENTHIETH JUDICIAL DISTRICT AT NASHVILLE

| | | |
|---|---|---|
| **IAN HUNTER LUCAS** | **)** | |
| *Plaintiff,* | **)** | **Case No. 24C2481** |
| *V.* | **)** | **JURY DEMAND** |
| | **)** | |
| | **)** | |
| **VANDERBILT UNIVERSITY et al.** | **)** | |
| *Defendants.* | **)** | |
| | **)** | |

## NOTICE OF APPEAL

Notice is hereby given that Ian Hunter Lucas, the Plaintiff in the above-named case, hereby appeals to the Court of Appeals of Tennessee from the interlocutory order of the First Circuit Trial Court of Davidson County entered on October 31st, 2024, which denied the Plaintiff's motion for a temporary restraining order.

Respectfully submitted,

*/s/ Ian H. Lucas*
Ian H. Lucas
Pro Se Appellant
PMB 61
Elizabethtown, NC, 28337
(910) 872-3577
ianhunterlucas@outlook.com

**Appellant**

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Notice of Appeal has been served via the court's electronic filing system on this 15th day of November 2024, to all parties of record.

Respectfully submitted,
*/s/ Ian H. Lucas*
Ian H. Lucas
Pro Se Appellant
PMB 61
Elizabethtown, NC, 28337
(910) 872-3577
[ianhunterlucas@outlook.com](mailto:ianhunterlucas@outlook.com)

## IN THE FIRST CIRCUIT COURT
## FOR THE TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY AT
## NASHVILLE

**IAN HUNTER LUCAS**
**Plaintiff(s)**

    **vs.**                                 **CASE NO. 24C2481**

**VANDERBILT UNIVERSITY**
**Defendant(s)**

## MOTION TO STRIKE

**Introduction**

COMES NOW Ian Hunter Lucas (hereinafter "Plaintiff") and moves this Court for an order striking the NOTICE OF APPEAL and NOTICE OF NO TRANSCRIPT filed on November 15, 2024, in anticipation of Defendants' motion to remove this case to the United States District Court of Middle Tennessee. In support thereof, Plaintiff states as follows:

**Facts**

1. Plaintiff and Defendants entered into an educational contract which promised Plaintiff educational services and fair treatment in accordance with the academic policies, including disability accommodations as outlined in the 2023-2024 Vanderbilt University Student Handbook.
2. Plaintiff enrolled in the Master of Nursing program at Vanderbilt University, thereby accepting the terms of the aforementioned educational contract.
3. The educational contract was breached by Defendants due to their failure to provide necessary accommodations for Plaintiff's disability, resulting in academic penalties despite approved accommodations.
4. Defendants created a hostile educational environment through discriminatory and retaliatory actions against Plaintiff.
5. The damages suffered by Plaintiff include, but are not limited to, delayed graduation, emotional distress, and financial losses attributable to Defendants' breach of contract.
6. Defendants' actions led Plaintiff to file the NOTICE OF APPEAL and NOTICE OF NO TRANSCRIPT
7. In anticipation of a defendants removal motion plaintiff moves to strike the filed NOTICE OF APPEAL and NOTICE OF NO TRANSCRIPT.

**Argument**

Plaintiff respectfully contends that the filing of the NOTICE OF APPEAL and NOTICE OF NO TRANSCRIPT is premature, as it comes in anticipation of Defendants' actions that have not yet transpired. Preliminary motions preceding the actual filing of a removal cannot justify the actions taken by Defendants. Under 28 U.S.C. § 1446, a defendant may remove a state court case to federal court, but until such a motion is filed and granted, there should be no impact on the existing state court case proceedings. Therefore, the appeal is not valid at this stage and should be disregarded.

The premature filing of these documents constitutes a procedural disruption that hinders the progress of the case at hand, which directly contravenes the principles of judicial efficiency and fairness.

**Demand**

WHEREFORE, Plaintiff requests this Court to strike the NOTICE OF APPEAL and NOTICE OF NO TRANSCRIPT filed on November 15, 2024, as these filings are not appropriate under the current procedural context and may impede the ongoing proceedings in this matter.

Respectfully submitted on November 15, 2024,

_____

Ian Hunter Lucas
PMB 61 Elizabethtown, North Carolina 28337
ian.h.lucas@protonmail.com
(910) 872-3577

2

# IN THE FIRST CIRCUIT COURT
## FOR THE TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY AT NASHVILLE

**IAN HUNTER LUCAS**

_____/

**Plaintiff(s)**

  **vs.**

**CASE NO. 24C2481**

**VANDERBILT UNIVERSITY**

_____/

**Defendant(s)**

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing has been furnished by Email or E-Service on November 15, 2024 to the following:

- Kevin C. Klein, Klein Solomon Mills, PLLC, Attorney for Vanderbilt University, 1322 4th Ave N, Nashville, Tennessee 37208, kevin.klien@kleinpllc.com

_____

Ian Hunter Lucas
PMB 61 Elizabethtown, North Carolina
28337
ian.h.lucas@protonmail.com
(910) 872-3577

3



##### ***** IMPORTANT NOTICE - READ THIS INFORMATION *****
##### NOTICE OF ELECTRONIC FILING [NEF]

A filing has been submitted to the Davidson County Circuit Court Clerk concerning:

| | |
|---|---|
| **Case #:** | 24C2481 |
| **Case Title:** | LUCAS V VANDERBILT UNIVERSITY |
| **Court:** | DAVIDSON COUNTY CLERK OF COURTS |
| | Circuit |
| **Judge:** | C DAVID BRILEY - 1st Circuit |
| **Official File Stamp:** | 11-15-2024:11:40:39 AM |
| **Case Title:** | LUCAS V VANDERBILT UNIVERSITY |
| **Document(s) Submitted:** | NOTICE NOTICE OF APPEAL OF DENIED TRO |
| **Filed By:** | Ian Hunter Lucas |

This notice was automatically generated by the courts auto-notification system.

**The following people were served electronically:**

KEVIN CHRISTOPHER KLEIN for VANDERBILT UNIVERSITY
LUCAS, IAN HUNTER
MATTHEW JP HORTON for VANDERBILT UNIVERSITY

**The following people have not been served electronically by the Court. Therefore, they must be served by conventional means:**

VANDERBILT UNIVERSITY SCHOOL OF NURSING

**Address:** VANDERBILT UNIVERSITY SCHOOL OF NURSING
2100 WEST END AVENUE
SUITE 1100
NASHVILLE, TN 37203

**The Notice below is RESCINDED: The filing was not filed.**



***** IMPORTANT NOTICE - READ THIS INFORMATION ***** NOTICE OF ELECTRONIC FILING [NEF]

A filing has been submitted to the Davidson County Circuit Court Clerk concerning:

| | |
|---|---|
| **Case #:** | 24C2481 |
| **Case Title:** | LUCAS V VANDERBILT UNIVERSITY |
| **Court:** | DAVIDSON COUNTY CLERK OF COURTS |
| | Circuit |
| **Judge:** | C DAVID BRILEY - 1st Circuit |
| **Official File Stamp:** | 11-15-2024:11:40:39 AM |
| **Case Title:** | LUCAS V VANDERBILT UNIVERSITY |
| **Document(s) Submitted:** | NOTICE NOTICE OF APPEAL OF DENIED TRO |
| **Filed By:** | Ian Hunter Lucas |

This notice was automatically generated by the courts auto-notification system.

**The following people were served electronically:**

KEVIN CHRISTOPHER KLEIN for VANDERBILT UNIVERSITY
LUCAS, IAN HUNTER
MATTHEW JP HORTON for VANDERBILT UNIVERSITY

**The following people have not been served electronically by the Court. Therefore, they must be served by conventional means:**

VANDERBILT UNIVERSITY SCHOOL OF NURSING

**Address:** VANDERBILT UNIVERSITY SCHOOL OF NURSING
2100 WEST END AVENUE
SUITE 1100
NASHVILLE, TN 37203