**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISON**

| | | |
|---|---|---|
| **IAN HUNTER LUCAS** | ) | |
| *Plaintiff,* | ) | |
| V. | ) | **Case No.:** |
| | ) | **3:24−cv−01359** |
| | ) | |
| | ) | **JURY DEMAND** |
| **VANDERBILT UNIVERSITY et al.** | ) | **JUDGE: Richardson** |
| *Defendant.* | ) | |
| | ) | **MAGISTRATE:** |
| | ) | **Frensley** |
| | ) | |
| | ) | |
| | ) | |

**Memorandum of Law in Support of Motion for Temporary Restraining Order**

I. Introduction

This Memorandum of Law is submitted in support of the Motion for Temporary Restraining Order ("TRO") filed by Plaintiff Ian Hunter Lucas. Plaintiff seeks immediate relief to prevent ongoing discriminatory practices by Defendants Vanderbilt University and Vanderbilt University School of Nursing, which violate federal civil rights laws. The issuance of a TRO is necessary to prevent further irreparable harm to the Plaintiff and to uphold the principles of fairness and justice.

II. Background

Plaintiff, a qualified individual with a disability, was enrolled in the Master of Nursing (MN) Program at Vanderbilt University School of Nursing. Despite performing the essential functions of a student with reasonable accommodations, Plaintiff has experienced discriminatory actions by the Defendants. These actions have materially affected his ability to continue his education and professional development, causing severe emotional distress and obstructing his path to advancing his nursing career.

The Defendants' actions constitute a violation of:

- The Americans with Disabilities Act (ADA), 42 U.S.C. § 12102;

- Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

## III. Legal Standard

Under Federal Rule of Civil Procedure 65(b), a TRO may be issued when the movant demonstrates:

1. A likelihood of success on the merits;

2. Irreparable harm in the absence of preliminary relief;

3. That the balance of equities tips in the movant's favor;

4. That an injunction is in the public interest.

## IV. Argument

### A. Likelihood of Success on the Merits

Plaintiff has demonstrated a prima facie case of discrimination and retaliation under the ADA and Section 504. The evidence shows Defendants' failure to provide necessary accommodations, which constitutes a violation of federal disability laws and breach of contractual obligations. Specifically, Defendants failed to grant necessary adjustments and supports related to Plaintiff's disability, impeding his ability to perform essential academic functions.

### B. Irreparable Harm

Without the issuance of a TRO, Plaintiff will suffer irreparable harm that cannot be remedied by monetary damages alone. The disruption of Plaintiff's education severely impacts his future professional opportunities, emotional well-being, and psychological health. The continued denial of Plaintiff's rights significantly endangers his career prospects and personal development, emphasizing the urgent need for immediate judicial intervention.

### C. Balance of Equities

The balance of equities favors the issuance of the TRO. The harm faced by Plaintiff greatly outweighs any potential inconvenience to Defendants. Plaintiff's immediate and substantial need for relief surpasses any purported administrative or operational burden that Defendants might incur in complying with

2

federally mandated accommodations. Ensuring that Plaintiff receives fair and equitable treatment is paramount and aligns with the principles of justice and equality.

*D. Public Interest*

Granting a TRO serves the public interest by ensuring compliance with federal disability laws. Ensuring individuals with disabilities have equal access to educational opportunities upholds civil rights protections and maintains the integrity of educational institutions. The public has a vested interest in seeing that civil rights laws are enforced and that discrimination is not tolerated within educational settings. Upholding these standards reinforces the values of fairness, nondiscrimination, and equal opportunity for all members of society.

V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order enjoining Defendants from continuing their discriminatory actions and requiring them to provide the reasonable accommodations necessary for Plaintiff to resume his education;

2. Set a hearing date for a preliminary injunction as soon as practicable;

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ian H. Lucas

Ian H. Lucas

Pro Se Plaintiff

PMB 61

Elizabethtown, NC, 28337

(910) 872-3577

ianhunterlucas@outlook.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2024, a true and correct copy of the foregoing Motion for Temporary Restraining Order and Declaration of Ian Hunter Lucas in Support of Motion for Temporary Restraining Order was filed electronically and served on all counsel of record via the Court's CM/ECF system.

Respectfully submitted,

/s/ Ian H. Lucas
Ian H. Lucas
Pro Se Plaintiff
PMB 61
Elizabethtown, NC, 28337
(910) 872-3577
ianhunterlucas@outlook.com