IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IAN LUCAS, | ) | |
| Plaintiff, | ) ) ) | No. 3:24-cv-01359 |
| v. | ) ) | Judge Richardson |
| VANDERBILT UNIVERSITY and VANDERBILT UNIVERSITY SCHOOL OF NURSING, | ) ) ) ) | Magistrate Judge Frensley |
| Defendants. | ) ) | |

### RESPONSE TO PLAINTIFF'S
### MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Ian Lucas's Motion for Temporary Restraining Order (Doc. 10) fails procedurally and substantively:

- **Plaintiff's motion is procedurally deficient.** Plaintiff failed to comply with the requirements of Local Rule 65.01, providing neither a proposed order nor a workable description of the requested relief.

- **Plaintiff cannot show a likelihood of success on the merits.** Plaintiff is a former student at Defendant Vanderbilt University's School of Nursing.[1] The relevant Vanderbilt personnel reviewed Plaintiff's academic record with the School of Nursing and determined that academic dismissal from the program was warranted, and reviewed Plaintiff's Student Accountability record and determined that expulsion from the University was warranted. There is no basis for any claim arising out of Vanderbilt's decision to academically dismiss or expel Plaintiff.

- **Plaintiff cannot show the threat of irreparable harm.** Plaintiff has offered no basis for turning Vanderbilt's academic progression requirements or disciplinary procedures on their head so he can have extraordinary relief on an expedited basis.

- **The balance of harms favors Vanderbilt.** Vanderbilt has the right and duty to make decisions regarding its student body. That is what it did here. The Court should defer to the considered judgment of the educational professionals who

---

[1] Vanderbilt University School of Nursing is not a distinct entity from Defendant Vanderbilt University.

concluded that Plaintiff should be dismissed from Vanderbilt's nursing program and expelled from the University.

While Vanderbilt intends to file a more complete response to Plaintiff's Motion, because Plaintiff requests "emergency" relief, Vanderbilt files this Response to address and provide context for Plaintiff's most recent filing.

Notably, this is not Plaintiff's first lawsuit against Vanderbilt based on the same alleged facts and claims, nor is it his first (or second) motion for temporary restraining order. In March 2024, Plaintiff asserted a host of claims against 20 Vanderbilt faculty members, staff members, and students. *See Lucas v. Jessee et al.*, Case No. 3:24-cv-00440 (*Lucas I*). On April 15, 2024, he filed a motion for preliminary injunction (Doc. Nos. 8), later withdrawing that motion and filing a second motion for preliminary injunction on April 25 (Doc. No. 16). He then filed a motion for temporary restraining order on May 2 (Doc. No. 21), only to move to withdraw that motion on May 7 (Doc. No. 25), filing a motion for emergency temporary restraining order later that same day (Doc. No. 26).

The Court denied Plaintiff's May 7, 2024, motion for emergency temporary restraining order on May 9, 2024, concluding that there was no threat of immediate and irreparable harm. Its reasoning applies equally here:

> The Court finds no immediate and irreparable harm to justify a TRO before a full evidentiary hearing on the motion for preliminary injunction. As Mr. Lucas admits, he is no longer a student at Vanderbilt University. As a result, Vanderbilt and its employees and students are no longer in a position to discriminate, retaliate or take any adverse action against him. In short, neither Vanderbilt nor any of its agents, employees, officers, or attorneys presently have any authority to do anything to Mr. Lucas. What Mr. Lucas alleges as discriminatory, retaliatory, or mistreatment are events and incidents that allegedly occurred before March 4, 2024, the date he was expelled from Vanderbilt. What occurred in the past is legally irrelevant to the irreparable harm analysis. Sharpe v. Cureton, 319 F.3d 259, 274 (6th Cir. 2003) (past harm is not an adequate basis for injunctive relief); Stone v. Ohio Parole Board, 2021 WL 1222141 at, *4 (S.D. Ohio April 1, 2021) ("preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future harm."). At bottom, based upon the record, the

> ***Court discerns no factual basis that he will be irreparably harmed before the Court considers his preliminary injunction motion***.

(Ex. 1, Memo. Opn. & Order at 3-4 (emphasis added.)

In short, Plaintiff's Motion for Temporary Restraining Order fails for a host of reasons, not the least of which is that he cannot show a threat of immediate and irreparable harm. Accordingly, while reserving the right to file a more complete Response, Vanderbilt submits that the Court can and should deny Plaintiff's latest request for injunctive relief out of hand.

Respectfully submitted,

*/s/ Kevin C. Klein*

Kevin C. Klein, BPR No. 023301
Matthew "JP" Horton II, BPR No. 038247
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208
Phone: (615) 600-4802
kevin.klein@kleinpllc.com
jp.horton@kleinpllc.com

*Attorneys for Vanderbilt*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing Response to Motion for Temporary Restraining Order has been sent via e-mail to the following individuals on November 27, 2024:

Ian Lucas
PMB 61
Elizabethtown, North Carolina 28337
ian.h.lucas@protonmail.com

*Plaintiff Pro Se*

                                                    Kevin C. Klein