IN THE UNITED STATES DISTRICT COURT
OF MIDDLE TENNESSEE
NASHVILLE DIVISON

| | | |
|---|---|---|
| IAN HUNTER LUCAS<br>*Plaintiff,*<br>V.<br><br>VANDERBILT UNIVERSITY et al.<br>*Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.:<br>3:24−cv−01359<br><br>JURY DEMAND<br>JUDGE:<br>Richardson<br><br>MAGISTRATE:<br>Frensley |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL MEDIATION

Plaintiff submits this Memorandum of Law in support of its Motion to Compel Mediation pursuant to Federal Rule of Civil Procedure 16 and the court's inherent authority. Mediation is a well-established tool for facilitating settlement, reducing litigation costs, and preserving judicial resources. In this case, compelling mediation is particularly appropriate to address the parties' ongoing dispute, especially given Defendant's opposition to voluntarily participate.

While Defendant's objections to mediation are noted, courts—including those within the Sixth Circuit—have repeatedly held that such opposition does not preclude the court from mandating participation in mediation when doing so serves the interests of justice. Plaintiff respectfully requests that this Court compel mediation, as it offers the best opportunity to resolve the matter in an efficient and cost-effective manner.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 16

Federal Rule of Civil Procedure *16(c)(2)(I)* authorizes courts to take *"appropriate action"* to encourage settlement, including ordering parties to participate in mediation. The rule is designed to promote the *"just, speedy, and inexpensive determination of every action,"* consistent with the goals of the Federal Rules as outlined in Rule 1.

### B. Sixth Circuit Precedent

The Sixth Circuit has consistently supported the use of court-ordered mediation to facilitate resolution of disputes. In *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003), the court recognized mediation as a valuable mechanism for fostering settlement and judicial efficiency. Similarly, in *Reese v. CNH America LLC*, 574 F.3d 315, 326 (6th Cir. 2009), the Sixth Circuit highlighted the importance of ADR, noting that such processes can resolve disputes more efficiently than traditional litigation.

### C. Authority to Compel Mediation Over Objection

Courts have long held that mediation can be compelled even when one party objects. In *In re Atlantic Pipe Corp.*, 304 F.3d 135, 144 (1st Cir. 2002), a decision frequently cited by courts within the Sixth Circuit, the court held that compelling mediation is appropriate when it promotes judicial efficiency and the interests of justice. The court emphasized that resistance from one party does not outweigh the broader benefits of ADR in fostering settlements and reducing litigation costs.

III. Argument

**A. Courts Have Broad Discretion to Compel Mediation, Even Over Objection**

Federal courts have inherent authority to manage their dockets and promote efficiency. Rule 16 explicitly grants courts the authority to require mediation as part of pretrial management. In *Goodyear Tire*, 332 F.3d at 981, the Sixth Circuit noted that mediation fosters constructive dialogue between parties, reduces contentiousness, and frequently leads to resolution of disputes without the need for a trial.

When one party opposes mediation, courts have consistently found that judicial economy and the interests of justice justify compelling participation. For example, in *Nichols v. PTS of America, LLC*, No. 3:14-CV-0466, 2015 WL 1773619, at *3 (M.D. Tenn. Apr. 15, 2015), the court emphasized that mediation serves the broader goal of resolving disputes efficiently and that a party's resistance should not impede the ADR process.

**B. Defendant's Opposition to Mediation Does Not Outweigh Its Benefits**

Defendant's refusal to mediate does not override the court's authority or diminish the potential benefits of mediation. Courts have recognized that mediation often succeeds even when one or more parties enter the process unwillingly. In *Gafur v. Legacy Good Samaritan Hospital and Medical Center*, 344 Or. 525, 536-37 (2008), the court observed that structured ADR processes provide opportunities for resolution that may not arise in adversarial litigation.

In *Strand v. Garden Valley School District*, 202 F.3d 1352 (9th Cir. 2000), the court affirmed the appropriateness of compelling mediation despite one party's objections, finding that ADR can lead to breakthroughs that litigation alone cannot achieve. This

Page 3 of 6
Case 3:24-cv-01359    Document 17    Filed 12/05/24    Page 3 of 6 PageID #: 248

principle is particularly relevant in the present case, where the parties have reached a stalemate in direct negotiations.

### C. Mediation Promotes Judicial Economy and Efficiency

The Sixth Circuit has emphasized the importance of ADR in promoting judicial economy and reducing litigation costs. In *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001), the court noted that mediation often resolves disputes more efficiently than trial, saving time and resources for both the parties and the court.

Mediation is particularly appropriate in this case because the issues involved are well-suited for resolution through structured negotiation. By compelling mediation, the Court ensures that the parties explore potential solutions in a cost-effective and expedited manner, reducing the likelihood of protracted litigation.

### D. Mediation Does Not Prejudice Defendant's Ability to Defend Its Case

Compelling mediation does not prejudice Defendant's ability to present its case. Mediation is a non-binding process that allows parties to explore potential resolutions without waiving their rights or positions. As recognized in *Goodyear Tire*, 332 F.3d at 981, mediation provides a neutral forum for addressing disputes, offering both sides the opportunity to resolve their issues amicably without incurring significant legal costs.

## IV. Conclusion

The court's authority to compel mediation is firmly grounded in the Federal Rules of Civil Procedure and Sixth Circuit precedent. Mediation serves the interests of justice, promotes judicial efficiency, and offers a practical means of resolving disputes. Defendant's opposition to mediation does not outweigh the benefits of requiring both parties to participate in the process.

Accordingly, Plaintiff respectfully requests that this Court grant the Motion to Compel Mediation, ensuring that the parties explore all avenues for resolving their dispute before proceeding further in litigation.

Respectfully submitted,

*/s/ Ian H. Lucas*
**Ian H. Lucas**
Pro Se Plaintiff
PMB 61
Elizabethtown, NC, 28337
(910) 872-3577
ianhunterlucas@outlook.com
**Dated:** December 5, 2024

---

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing <u>Memorandum in Support of Plaintiffs Motion to Compel Mediation</u> has been served via electronic system on this 5th day of December 2024, to all parties of record.

Respectfully Submitted,

*/s/ Ian H. Lucas*
**Ian H. Lucas**
Pro Se Plaintiff

Page 6 of 6
Case 3:24-cv-01359   Document 17   Filed 12/05/24   Page 6 of 6 PageID #: 251