IN THE UNITED STATES DISTRICT COURT
OF MIDDLE TENNESSEE
NASHVILLE DIVISON

| | | |
|---|---|---|
| IAN HUNTER LUCAS<br>*Plaintiff,*<br>V.<br><br>VANDERBILT UNIVERSITY et al.<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:<br>3:24−cv−01359<br><br>JURY DEMAND<br>JUDGE:<br>Richardson<br><br>MAGISTRATE:<br>Frensley |

# REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

**I. Introduction**

Plaintiff Ian Lucas submits this Reply to address Defendant Vanderbilt University's Response in Opposition to Plaintiff's Motion for Temporary Restraining Order (Doc. 13). Defendant's arguments are misplaced procedurally, substantively, and legally. Plaintiff's Motion meets the requirements for injunctive relief under Rule 65 and applicable case law. Contrary to Defendant's assertions, Plaintiff has demonstrated a likelihood of success on the merits, the threat of immediate and irreparable harm, and that the balance of harms and public interest weigh in favor of granting relief.

**II. Procedural Issues Do Not Warrant Denial of Plaintiff's Motion**

Defendant argues that Plaintiff's Motion is procedurally deficient due to noncompliance with Local Rule 65.01. While Plaintiff acknowledges the lack of a proposed

order, this technical oversight does not invalidate the Motion. Courts routinely resolve such deficiencies by allowing a plaintiff to cure procedural defects without denying substantive claims for injunctive relief. See *Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (federal courts favor substance over form where technical defects do not prejudice the opposing party).

Moreover, Plaintiff provided a clear and workable description of the relief sought: reinstatement to Vanderbilt University's School of Nursing pending resolution of this litigation. Defendant has articulated no prejudice resulting from the absence of a formal proposed order, and this Court retains broad discretion to consider Plaintiff's Motion on its merits.

## III. Plaintiff Has Demonstrated a Likelihood of Success on the Merits

Defendant asserts that Plaintiff cannot succeed on the merits of his claims regarding his academic dismissal and expulsion. However, this conclusion disregards both the procedural deficiencies in Defendant's actions and the substantive protections afforded to students under applicable laws.

### A. Procedural Fairness in Academic Dismissals

Federal courts have recognized that students are entitled to a fundamentally fair process before dismissal, particularly when disciplinary actions implicate constitutionally protected rights. See *Goss v. Lopez*, 419 U.S. 565, 574 (1975). Here, Plaintiff has alleged multiple violations of procedural due process, including lack of notice and a meaningful opportunity to challenge the adverse actions taken by Vanderbilt personnel.

### B. Retaliation and Discrimination

Plaintiff's claims of retaliation and discrimination are supported by specific factual allegations, including disparate treatment and adverse actions taken after Plaintiff

engaged in protected activities. Defendant's conclusory assertion that its actions were warranted lacks evidentiary support and fails to rebut Plaintiff's allegations. Courts must view the facts in the light most favorable to the plaintiff at this stage. See *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 630 (6th Cir. 2009).

**IV. Plaintiff Faces Immediate and Irreparable Harm**

Defendant argues that Plaintiff cannot show irreparable harm because he is no longer a Vanderbilt student and alleges only past harm. This argument mischaracterizes Plaintiff's Motion and misapplies the law. Plaintiff's harm is ongoing and forward-looking, as his expulsion and inability to continue his education will irreparably damage his professional trajectory and reputation. Courts have repeatedly held that denial of educational opportunities constitutes irreparable harm. See *Phillips v. Marsh*, 687 F.2d 620, 622 (2d Cir. 1982) (denial of education irreparably harms a student's career prospects and cannot be remedied by monetary damages).

Further, Plaintiff's claims are distinct from the facts considered in his prior lawsuits, which Defendant attempts to conflate with the current Motion. Unlike past motions, Plaintiff has identified new and continuing harms directly tied to Defendant's refusal to reinstate him to the nursing program. The Court's reasoning in prior rulings does not preclude injunctive relief in this case.

**V. The Balance of Harms and Public Interest Favor Granting the TRO**

Defendant's assertion that the balance of harms favors its interests ignores the fundamental inequities at play. While Vanderbilt claims a "right and duty" to make academic decisions, Plaintiff's interest in continuing his education and pursuing his career is paramount and far outweighs Defendant's speculative concerns. Courts have consistently held that students' interests in avoiding irreparable harm outweigh institutional concerns, particularly where reinstatement poses no imminent risk to the academic community. See *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 407 (6th Cir. 2017).

Page 3 of 5
Case 3:24-cv-01359    Document 18    Filed 12/05/24    Page 3 of 5 PageID #: 254

Granting the TRO also serves the public interest by ensuring that academic institutions adhere to principles of fairness and non-discrimination. The public has a vested interest in preventing irreparable harm to students and ensuring accountability for academic institutions.

## VI. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Temporary Restraining Order, reinstating him to Vanderbilt University's School of Nursing pending resolution of this case.

Respectfully submitted,

*/s/ Ian H. Lucas*
**Ian H. Lucas**
Pro Se Plaintiff
PMB 61
Elizabethtown, NC, 28337
(910) 872-3577
ianhunterlucas@outlook.com
**Dated:** December 5, 2024

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER has been served via electronic system on this 5th day of December 2024, to all parties of record.

Respectfully Submitted,

*/s/ Ian H. Lucas*
**Ian H. Lucas**
Pro Se Plaintiff