IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IAN HUNTER LUCAS, | ) | |
| Plaintiff, | ) ) | NO. 3:24-cv-01359 |
| v. | ) ) | JUDGE RICHARDSON |
| VANDERBILT UNIVERSITY, ET AL. | ) ) | |
| Defendants. | ) ) ) | |

### ORDER

Pending before the Court the "Motion for a Temporary Restraining Order" (Doc. No. 10, "Motion") filed by Plaintiff, who is proceeding pro se. The Motion is purportedly supported by a memorandum in support (Doc. No. 11), a declaration of Plaintiff (Doc. No. 10-1), and a proposed order (Doc. No. 15). Defendant[1] filed a response in opposition to the Motion (Doc. No. 13, "Response"), which Plaintiff has challenged via a motion to strike it (Doc. No. 19, "Motion to Strike"). Plaintiff also filed a reply in purported support of the Motion (Doc. No. 14). Via the Motion, Plaintiff seeks a temporary restraining order ("TRO") that unhelpfully defines the requested temporary injunctive relief no more specifically than a prohibition against Defendant and those acting in concert with it from "continuing their discriminatory actions and are required to provide reasonable accommodations necessary for Plaintiff, Ian Hunter Lucas, to resume his education[.]" (Doc. No. 15 at 1).

---

[1] The Court uses the singular here, despite the current official case caption, because counsel for Defendant(s) have represented (not far-fetchedly) that "Vanderbilt University School of Nursing is not a distinct entity from Defendant Vanderbilt University." (Doc. No. 13 at 1 n.1).

Those seeking a TRO (or, for that matter, a preliminary injunction) must meet four requirements.[2] They must show a likelihood of success on the merits; irreparable harm in the absence of the injunction; the balance of equities favors them; and that public interest favors an injunction. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022).

It is axiomatic that TROs and preliminary injunctions are considered extraordinary relief. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). And since it stands to reason that extraordinary relief cannot be obtained by a litigant just going through the motions, it should come as no surprise that "conclusory statements are insufficient to warrant injunctive relief." *Gilreath v. Plumbers, Pipefitters & Serv. Technicians Loc. 502*, No. 1:09-CV-628, 2010 WL 723753, at *3 (S.D. Ohio Feb. 24, 2010). *See also Garza v. Barker*, No. 6:20CV331, 2021 WL 3730056, at *1 (E.D. Tex. Aug. 3, 2021) ("Mere speculation or conclusory allegations of an irreparable injury is insufficient."), *report and recommendation adopted sub nom. ROSFEL GARZA, #01181215, Plaintiff, v. ALLEN BARKER, et al., Defendants.*, No. 6:20-CV-331-JDK-KNM, 2021 WL 3722795 (E.D. Tex. Aug. 23, 2021); *Coleman v. Bank of New York Mellon*, No. 3:12-CV-04783-M-BH, 2013 WL 1187158, at *8 (N.D. Tex. Mar. 4, 2013) ("[U]nsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary

---

[2] Published Sixth Circuit case law stands unmistakably for the proposition that these four items are *factors* rather than *requirements,* except that irreparable harm is a requirement (and, if it exists and thus keeps the possibility of a TRO alive, thereafter becomes a factor to be balanced along with the other three factors). *See, e.g.*, *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019). Alas, this case law is inconsistent with certain other Sixth Circuit case law and with Supreme Court case law (including the two cases cited above) describing these as all being requirements. The Court believes that it should follow the latter line of cases—although the outcome of the Motion would be the same even if the Court were to take the opposite approach and treat these four items as merely factors (except insofar as irreparable harm is *first* a requirement and *then* a factor).

injunction."), *report and recommendation adopted*, No. 3:12-CV-04783-M-BH, 2013 WL 1189264 (N.D. Tex. Mar. 21, 2013); *Shorty v. Sparkman*, No. 5:12CV114-DCB-RHW, 2012 WL 6949271, at *2 (S.D. Miss. Sept. 18, 2012) ("Plaintiff's conclusory allegations are insufficient to carry his burden as to either the request for temporary restraining order/preliminary injunction.") *report and recommendation adopted*, No. 5:12-CV-114 DCB RHW, 2013 WL 319336 (S.D. Miss. Jan. 28, 2013).

A review of the Motion, and everything filed in purported support of it, reveals that Plaintiff has done nothing at all beyond recanting conclusory allegations related to Defendant's alleged wrongdoing and the four requirements for a TRO. There is nothing there beyond Plaintiff's say-so—no evidence beyond Plaintiff's declaration recanting mere conclusions; no factual exposition as to the nature of Defendant's misconduct, the misconduct's association with Plaintiff's requested relief (such as it is) or any of the four requirements for the requested extraordinary relief; no citation of any legal authority; and no legal analysis. The Court understands that Plaintiff is proceeding pro se, but this simply will not do; the Court simply cannot award such extraordinary relief to a plaintiff (whether pro so or represented) who makes such a threadbare showing. The Motion is subject to prompt and outright denial on that basis alone, although there appear to be other potential grounds for denying the Motion.

Accordingly, the Motion (Doc. No. 10) is **DENIED**. The Motion to Strike (Doc. No. 19) is **DENIED** as moot, inasmuch as the Court did not need to, and did not, rely on anything in the

Response in determining that the Motion should be denied.

      IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE