IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>VANDERBILT UNIVERSITY et al. )<br>   Defendants. ) | Civil Action No. 3:23-cv-01359<br><br>Judge Richardson/Frensley |

**PLAINTIFF'S OBJECTIONS TO THE COURT'S DECEMBER 6, 2024, ORDER PURSUANT TO FED. R. CIV. P. 46**

Plaintiff, proceeding pro se, respectfully submits these Objections, pursuant to Federal Rule of Civil Procedure 46, to the Court's Order dated December 6, 2024 (Doc. No. 21), which denied Plaintiff's Motion for a Temporary Restraining Order ("TRO") (Doc. No. 10) and denied as moot Plaintiff's Motion to Strike (Doc. No. 19).

### I. ACTION SOUGHT

1. Plaintiff objects to the denial of the Motion for a TRO and respectfully requests that the Court reconsider its ruling, or in the alternative, grant Plaintiff leave to supplement the record with additional factual and legal support. Plaintiff further requests that the Court consider controlling and persuasive authority from the Sixth Circuit regarding preliminary injunctions and TROs in the context of student dismissals and disciplinary actions at colleges and universities.

### II. GROUNDS FOR RELIEF

2. **Pro Se Status and Liberal Construction:** Plaintiff, a pro se litigant, provided a Declaration (Doc. No. 10-1) and supporting filings detailing Defendant's discriminatory actions and their irreparable impact on Plaintiff's academic and professional future. While the Court found these filings conclusory, Plaintiff respectfully submits that, under the liberal construction standard afforded to pro se parties, see *Erickson v. Pardus,* 551 U.S. 89, 94

(2007), the Court should consider Plaintiff's submissions in a lenient manner and afford Plaintiff an opportunity to cure any deficiencies. Should the Court find the evidentiary showing insufficient, Plaintiff requests leave to supplement the record with additional factual detail, documentation, and legal authority rather than face outright denial.

3.  **Sixth Circuit Authority on Irreparable Harm to Students:** Courts in the Sixth Circuit have recognized that the loss of educational opportunities, delays in completing an academic program, and damage to a student's academic record and future career prospects constitute irreparable harm. See *Doe v. Ohio State Univ.*, 136 F. Supp. 3d 854, 867–69 (S.D. Ohio 2016). Although Doe involved a preliminary injunction, the principles regarding irreparable harm are equally applicable to a request for a TRO. The Sixth Circuit has also emphasized the importance of fair and non-discriminatory treatment in disciplinary proceedings. See *Flaim v. Med. Coll. of Ohio,* 418 F.3d 629 (6th Cir. 2005); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017).

4.  **Four-Factor Test and Extraordinary Relief:** Although TROs are considered extraordinary relief, students who face immediate, irreparable harm through dismissal or inability to continue their education while litigation is pending often seek such relief to preserve the status quo. In *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019), the Sixth Circuit noted that irreparable harm is a threshold requirement and that, if met, the Court then considers the likelihood of success on the merits, the balance of harms, and the public interest. Here, Plaintiff's academic career and future prospects are at stake, and the harm cannot be fully remedied by monetary damages alone.

5.  **Balance of Equities and Public Interest**: By granting a TRO to preserve Plaintiff's ability to continue his education pending resolution of the case, the Court would promote the public interest in ensuring fair treatment and compliance with anti-

discrimination laws. The balance of equities favors maintaining the status quo to prevent further irreparable injury to Plaintiff. Providing a short-term injunction would not unduly burden Defendant but would safeguard Plaintiff's critical educational opportunities.

6. **Opportunity to Supplement the Record:** Plaintiff objects to any final denial without the opportunity to cure perceived evidentiary or legal deficiencies. Federal courts routinely grant pro se litigants the opportunity to amend or supplement when initial filings are inadequate. See *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff respectfully requests that the Court either reconsider its denial in light of the above-referenced authorities and arguments or allow Plaintiff to submit additional evidence and legal citations to bolster the request for a TRO.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully objects to the Court's December 6, 2024 Order (Doc. No. 21) pursuant to Fed. R. Civ. P. 46. Plaintiff requests reconsideration of the Court's denial of the TRO or, in the alternative, leave to supplement the record with additional factual and legal support. If reconsideration is not granted, this objection is made to preserve Plaintiff's rights for further review.

Dated: December 12, 2024,

        Respectfully submitted,

        */s/ Ian Hunter Lucas*
        **IAN HUNTER LUCAS**
        Plaintiff, Pro Se
        PMB 61, Elizabethtown, NC, 28337
        (910) 872-3577
        Ian.h.lucas@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, a copy of the foregoing Objections to the Court's December 6, 2024, Order was served upon all counsel of record via the Court's electronic filing system

*/s/ Ian Hunter Lucas*
**IAN HUNTER LUCAS**