IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, )<br>　　Plaintiff, ) | Civil Action No. 3:23-cv-01359 |
| ) | |
| v. ) | Judge Richardson/Frensley |
| ) | |
| VANDERBILT UNIVERSITY et al. )<br>　　Defendants. ) | |

**PLAINTIFF'S MOTION FOR *EMERGENCY* PRELIMINARY INJUNCTION**

Plaintiff, IAN HUNTER LUCAS ("Plaintiff"), proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65(a) for a preliminary injunction against Defendant VANDERBILT UNIVERSITY ("Defendant"). Plaintiff seeks to prevent ongoing and irreparable harm arising from Defendant's discriminatory and retaliatory conduct, including its failure to provide reasonable accommodations for Plaintiff's disabilities and its subsequent manipulation of Plaintiff's academic record.

In support of this Motion, Plaintiff also relies upon the arguments and authorities set forth in the contemporaneously filed Memorandum of Law.

## I.　INTRODUCTION

Plaintiff, who is diagnosed with multiple qualified disabilities initially secured disability accommodations from Defendant's Office of Student Access. Despite the approval of these accommodations, faculty within the Vanderbilt University School of Nursing threatened to penalize Plaintiff for utilizing them. After Plaintiff reported this behavior to the Office of Student Access and later to the Office of Equal Access, Defendant retaliated by altering Plaintiff's previously earned passing course grades to failing marks without proper procedures or due process.

Through this pattern of conduct—discriminatory threats, termination of an investigation into systemic discrimination, retaliatory grade changes, and circumvention of

established due process standards—Defendant has inflicted irreparable harm on Plaintiff's educational and professional future. Plaintiff now seeks a preliminary injunction to restore his academic status, reinstate appropriate accommodations, and halt further discriminatory actions while this matter is resolved on the merits.

## II. STATEMENT OF FACTS

### A. Plaintiff's Disabilities and Approved Accommodations

Plaintiff is a nursing student diagnosed with a qualified disability. These disabilities substantially affect Plaintiff's ability to process information and perform under traditional academic conditions. After submitting professional documentation outlining his needs, Plaintiff obtained accommodations from the Office of Student Access, including extended examination times, a low-distraction testing environment, and accessible course materials.

### B. Faculty's Interference and Discrimination

Despite the Office of Student Access approving these accommodations, faculty in the School of Nursing informed Plaintiff that utilizing them would result in punitive measures, including grade penalties. This directly undermined the purpose of the accommodations. Following Plaintiff's complaint, the Office of Student Access, purportedly with the support of University leadership, initially intervened to prevent faculty from penalizing the Plaintiff's use of disability accommodations.

### C. Reporting to the Office of Equal Access and Retaliation

Concerned by these discriminatory practices, Plaintiff reported them to the Office of Equal Access, which hired a third-party investigator. When the investigation reportedly uncovered systemic disability discrimination, the Office of Equal Access terminated the investigator's contract, effectively halting the inquiry. Subsequently, in retaliation for Plaintiff's complaint, faculty members retroactively changed two of Plaintiff's passing course grades to failing grades, justifying these changes with "anonymous complaints" never shown to Plaintiff. This precluded Plaintiff from challenging the allegations and violated his due

process rights. Further, the University attempted to manipulate Plaintiff's Grade Point Average, contrary to its own policies, and was only corrected after the University Registrar's intervention.

### D. Circumvention of Due Process and Academic Policies

According to the Vanderbilt School of Nursing Student Handbook, alleged policy violations should be referred to the Honor Council, allowing the accused student a fair hearing and the ability to present evidence. Instead, Defendant framed the issue as one of "academic progression" rather than misconduct or disciplinary violation. This characterization avoided the procedural safeguards associated with the Honor Council process. By imposing two retroactive course failures, Defendant triggered a policy allowing for Plaintiff's immediate dismissal for alleged academic shortcomings. The Academic Progression Committee reviewing Plaintiff's status lacked authority to overturn the retaliatory grade changes, provided no hearing, and offered no platform for Plaintiff's defense. In short, Defendant engineered a scenario to dismiss Plaintiff under the guise of academic performance, thus evading heightened due process standards that would apply if the dismissal were clearly recognized as disciplinary or misconduct based.

## III. LEGAL STANDARD

To obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of the injunction; (3) that the balance of equities favors the plaintiff; and (4) that the public interest supports an injunction. *Winter v. Nat. Res.Def. Council,* 555 U.S. 7, 20 (2008); *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022). The Sixth Circuit recognizes that irreparable harm is a threshold requirement. See *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019).

IV. ARGUMENT

A. **Likelihood of Success on the Merits**

Plaintiff's claims arise under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, both of which prohibit discrimination by educational institutions receiving federal funding. The Sixth Circuit has held that educational entities must provide reasonable accommodations and may not retaliate against students with disabilities. See *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 435–36 (6th Cir. 1998). Here, Plaintiff initially received accommodations but was threatened with penalties for using them. After reporting discrimination, Plaintiff faced retaliatory grade changes and denial of due process. Courts do not defer to academic judgments tainted by discrimination or bad faith. See *Endres v. Northeast Ohio Med. Univ.*, 938 F.3d 281, 296–97 (6th Cir. 2019). Plaintiff is therefore likely to succeed on the merits of his claims.

B. **Irreparable Harm**

Irreparable harm exists where injuries cannot be fully remedied by money damages. Plaintiff's inability to continue his nursing education and progress toward licensure, coupled with the reputational harm of a false "academic failure," cannot be undone later. Educational and professional opportunities lost during the pendency of this litigation may never be recovered. Courts have recognized that wrongful denial of educational opportunities constitutes irreparable harm. See *Doe v. Ohio State Univ.*, 136 F. Supp. 3d 854, 867–69 (S.D. Ohio 2016).

C. **Balance of Equities**

The balance of equities overwhelmingly favors Plaintiff. Complying with already approved accommodations and ensuring a fair process imposes minimal burden on Defendant. Conversely, Plaintiff's entire professional future and ability to practice as a nurse depend on timely relief. Without this injunction, Plaintiff faces permanent damage to his academic and

professional reputation and loss of career opportunities.

### D. Public Interest

The public interest favors strict adherence to the ADA and Section 504, ensuring equal educational access for students with disabilities. Guaranteeing that universities do not retaliate against students who report discrimination furthers public confidence in educational institutions. By granting the injunction, this Court encourages compliance with federal laws and promotes transparency, fairness, and equality.

## V. REQUESTED RELIEF

Plaintiff requests that this Court issue a preliminary injunction ordering Defendant to:

1. Reinstate Plaintiff into the Vanderbilt University School of Nursing at the academic standing held prior to the retaliatory grade changes.

2. Restore Plaintiff's original passing course grades and ensure that all approved accommodations are fully implemented without penalty.

3. Enjoin Defendant from further retaliatory or discriminatory actions against Plaintiff, including manipulation of grades or GPA, and denial of due process rights.

4. Require Defendant to follow the Vanderbilt School of Nursing Student Handbook procedures and applicable federal law before making any adverse academic decisions that affect Plaintiff's enrollment.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant a preliminary injunction to prevent ongoing and irreparable harm, restore Plaintiff's lawful status and accommodations, and ensure that Defendant complies with its legal obligations under the ADA, Section 504, and its own policies.

Dated: December 12, 2024,

Respectfully submitted,

        */s/ Ian Hunter Lucas*

        **IAN HUNTER LUCAS**
        Plaintiff, Pro Se
        PMB 61
        Elizabethtown, NC 28337
        (910) 872-3577
        ian.h.lucas@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2024, a copy of the foregoing **Motion for Emergency Preliminary Injunction** was served via the Court's electronic filing system upon counsel of record for Defendant.

/s/ Ian Hunter Lucas

**IAN HUNTER LUCAS**