IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, ) | |
|     Plaintiff, ) | Civil Action No. 3:23-cv-01359 |
| ) | |
| v. ) | Judge Richardson/Frensley |
| ) | |
| VANDERBILT UNIVERSITY et al. ) | |
|     Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, WITH CITATIONS**

I. INTRODUCTION

Plaintiff, a student diagnosed with ADHD, Autism Spectrum Disorder, and Schizophrenia, enrolled in Vanderbilt University's School of Nursing with the understanding that he would receive reasonable accommodations mandated by federal law. After obtaining these accommodations from Vanderbilt's Office of Student Access, Plaintiff encountered a pattern of discriminatory and retaliatory conduct. Faculty threatened to penalize him for using his approved accommodations.

When Plaintiff reported these violations to the Office of Equal Access, a third-party investigator uncovered evidence of systemic disability discrimination. Rather than rectifying the issue, Vanderbilt terminated the investigator's contract, then retaliated against Plaintiff by retroactively changing his passing course grades to failing grades, thereby engineering a purported "academic" dismissal. This contrivance deprived Plaintiff of procedural fairness, professional opportunities, and equal access to education.

Plaintiff now seeks a preliminary injunction to restore his academic record, secure his entitlement to accommodations free from retaliation and prevent further irreparable harm. The standards for preliminary injunctive relief, well established by the Supreme Court and the Sixth Circuit, are readily satisfied here. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

20 (2008); *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022). Plaintiff demonstrates a strong likelihood of success on the merits of his claims under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act; irreparable harm absent injunctive relief; a balance of equities tipping decisively in his favor; and that the public interest would be served by granting the requested injunction.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff incorporates by reference the factual assertions in his Motion for Preliminary Injunction and supporting declarations. In brief:

**1. Plaintiff's Disability and Accommodations:** Plaintiff has conditions qualifying as disabilities under federal law. See 42 U.S.C. § 12102(2)(A); *Bryson v. Regis Corp.*, 498 F.3d 561, 575 (6th Cir. 2007). He sought and obtained from Vanderbilt's Office of Student Access accommodations essential to ensure equal educational opportunity, including extended testing time, a low-distraction environment, and accessible course materials.

**2. Initial Discrimination by Faculty:** Despite the University approving these accommodations, faculty in the School of Nursing threatened to penalize Plaintiff for using them, contravening the central purpose of disability accommodation requirements. After Plaintiff complained, Vanderbilt's leadership initially intervened to halt faculty-imposed penalties.

**3. Retaliation Upon Reporting Systemic Discrimination:** Troubled by faculty behavior and suspecting a broader pattern of discrimination, Plaintiff reported the incident to Vanderbilt's Office of Equal Access. A third-party investigator, contracted by the University, reportedly found evidence of systemic disability discrimination. In response, Vanderbilt terminated the investigator's contract, effectively shutting down the inquiry. Shortly thereafter, faculty altered Plaintiff's passing course grades to failing marks based on undisclosed "anonymous complaints," denying Plaintiff both notice and a meaningful chance to respond.

**4. Denial of Due Process and Procedural Safeguards:** Vanderbilt sidestepped its own Honor Council procedures—procedures that would have provided Plaintiff a hearing, an opportunity to present evidence, and a neutral forum. Instead, by framing the matter as a question of "academic progression," Vanderbilt could dismiss Plaintiff without the procedural protections typically afforded in disciplinary or misconduct cases, thereby undermining any semblance of fair process.

**5. Irreparable Harm to Plaintiff's Future:** Plaintiff's professional trajectory as a future nurse is now in jeopardy. Without immediate injunctive relief, Plaintiff will lose critical time, opportunities, and standing, causing permanent damage to his career prospects and educational progress.

### III. LEGAL STANDARD FOR PRELIMINARY RELIEF

To obtain a preliminary injunction, a movant must show: (1) a likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) that the balance of equities favors relief; and (4) that the public interest would be served. *Winter,* 555 U.S. at 20. While these factors are interrelated, irreparable harm is generally considered a threshold requirement. See *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019).

The Sixth Circuit's approach is flexible, assessing each factor as part of a totality-of-the-circumstances inquiry. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). Courts have discretion to grant preliminary injunctions to prevent ongoing harm and preserve the status quo. *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).

### IV. ARGUMENT

A. Plaintiff is Likely to Succeed on the Merits of His ADA and Section 504 Claims

**1. ADA and Section 504 Standards:**

The ADA and Section 504 require that qualified students with disabilities receive equal

access to educational programs and services, and those reasonable accommodations be provided to facilitate such access. 42 U.S.C. § 12182(b)(2)(A)(ii); 29 U.S.C. § 794. Both statutes prohibit not only direct discrimination but also retaliation against individuals who seek to enforce their rights. *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 435–36 (6th Cir. 1998).

To prevail under these statutes, Plaintiff must show (1) that he is disabled; (2) that he is otherwise qualified for the academic program; and (3) that he was excluded from participation in or denied the benefits of the program, or otherwise discriminated against, because of his disability. *See Shaikh v. Lincoln Mem'l Univ.*, 608 F. App'x 349, 353 (6th Cir. 2015); S.S. v. E. Ky. Univ., 532 F.3d 445, 452–53 (6th Cir. 2008).

**2. Plaintiff's Disability and Qualification:**

Plaintiff's ADHD, Autism Spectrum Disorder, and Schizophrenia are well-documented disabilities substantially limiting major life activities, including learning and processing information. See *Bryson*, 498 F.3d at 575. Plaintiff was performing academically with appropriate accommodations, demonstrating that he is otherwise qualified to participate in the nursing program. *Shaikh,* 608 F. App'x at 353–54 (student academically capable with accommodations).

**3. Discrimination and Retaliation:**

Defendant's faculty threatened penalties for using accommodations, directly undermining the statutory mandate that reasonable modifications be provided. *S.S.,* 532 F.3d at 453 (requiring accommodations to prevent discrimination). Far from correcting this violation, Vanderbilt terminated the contract of a third-party investigator who uncovered systemic discrimination and then retroactively changed Plaintiff's earned passing grades to failing marks. This action was taken in retaliation after Plaintiff reported discrimination, a protected activity under the ADA's anti-retaliation provision. 42 U.S.C. § 12203.

The Sixth Circuit applies a burden-shifting framework to retaliation claims under the ADA, requiring Plaintiff to show that he engaged in protected activity, suffered adverse action, and

that a causal connection exists between the two. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046–47 (6th Cir. 2014). Here, Plaintiff reported discrimination to the Office of Equal Access and, shortly thereafter, faced adverse academic actions. The temporal proximity and stark shift in treatment strongly suggest retaliation. See *Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 525–26 (6th Cir. 2008) (temporal proximity can be enough to infer causation).

**4. Bypassing Due Process and the Honor Council:**

Vanderbilt sidestepped its own Honor Council procedures, which would have allowed Plaintiff to contest the allegations and present evidence. Instead, Vanderbilt labeled the matter as "academic progression" to evade more robust procedural safeguards. While courts often defer to academic judgments, this deference does not apply where decisions are infected by discrimination, retaliation, or bad faith. *Endres v. Northeast Ohio Med. Univ.,* 938 F.3d 281, 296–97 (6th Cir. 2019).

In sum, Plaintiff's straightforward showing that he is disabled, qualified, and subjected to adverse actions stemming from his protected activities and accommodations, coupled with Defendant's abrupt retaliation and procedural manipulations, strongly supports a likelihood of success on the merits of both the discrimination and retaliation claims under the ADA and Section 504.

B.   Plaintiff Will Suffer Irreparable Harm Without Immediate Injunctive Relief

Irreparable harm is harm that cannot be fully compensated by monetary damages alone. *Friendship Materials*, 679 F.2d at 104. Courts in the Sixth Circuit and elsewhere have found that loss of educational opportunities, delayed degrees, and diminished career prospects constitute irreparable harm. *Doe v. Ohio State Univ.*, 136 F. Supp. 3d 854, 867–69 (S.D. Ohio 2016) (granting a preliminary injunction to a student unjustly removed from educational opportunities, recognizing that the lost time, stigma, and professional damage cannot be remedied by money damages alone).

Without an injunction, Plaintiff risks permanent harm to his professional trajectory as

a healthcare provider. The nursing profession is heavily credential based; delays and dismissals can irreparably tarnish a student's academic record, block licensure, and preclude certain career paths. This kind of harm is immediate and ongoing. See *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 630 (6th Cir. 2000) (holding that the inability to take an examination with appropriate accommodations threatened irreparable harm to a medical student's professional future).

Additionally, the emotional toll and reputational damage from being wrongfully dismissed under the guise of academic failure are intangible harms that cannot be quantified or repaired at the conclusion of litigation. *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 854 (6th Cir. 2017) (irreparable harm involves injuries that cannot be easily measured in money). Thus, the irreparable harm factor strongly favors Plaintiff.

C. The Balance of Equities Favors Plaintiff

On one side of the scale, Vanderbilt merely needs to comply with legal obligations it should already be meeting: providing reasonable accommodations, refraining from retaliatory conduct, and restoring Plaintiff's original grades and fair standing. On the other side, Plaintiff faces the loss of an entire professional future if left unremedied. The Sixth Circuit has recognized that were the request for injunctive relief simply enforces existing legal obligations and prevents the defendant from continuing to violate federal law, the burden on the defendant is minimal. See *United States v. Tennessee*, 798 F.3d 259, 279 (6th Cir. 2015) (upholding injunction to ensure compliance with disability rights obligations).

Given that Vanderbilt is a well-resourced institution, enforcing compliance with its own rules and federal standards is not an undue burden. In contrast, Plaintiff's academic and professional fortunes hinge on immediate intervention. *Doe v. Cummins*, 662 F. App'x 437, 446–47 (6th Cir. 2016) (recognizing severe consequences to a student's life and career from unjust academic sanctions). The balance of equities squarely favors granting the injunction.

D. The Public Interest Supports Granting the Injunction

Protecting students with disabilities from discrimination and retaliation aligns squarely with the public interest. The ADA and Section 504 reflect Congress's intent to ensure equal educational opportunities for individuals with disabilities. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452–53 (6th Cir. 2008).

Moreover, the public interest is served by ensuring universities follow their own policies and respect basic fairness. Institutions of higher education hold a position of public trust. Granting the injunction encourages compliance with federal non-discrimination laws and fosters confidence in the integrity of academic processes. *Mich. State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 669 (6th Cir. 2016).

By granting Plaintiff's requested relief, the Court reaffirms the principle that educational institutions must not weaponize academic processes to retaliate against students who report discrimination. Upholding fairness, due process, and non-discrimination furthers the interests of both individual students and society at large.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court issue a preliminary injunction ordering Defendant to:

1. Reinstate Plaintiff into the Vanderbilt University School of Nursing at the academic standing he held before the retaliatory grade changes.
2. Restore Plaintiff's original passing course grades and ensure that the approved accommodations are fully implemented in all future coursework, examinations, and clinical placements without penalty.
3. Enjoin Defendant from taking further retaliatory or discriminatory actions against Plaintiff, including altering grades, dismissing Plaintiff, or denying him any procedural protections guaranteed by the University's policies. These measures merely restore the status quo and prevent further irreparable harm while this case proceeds on the merits.

## VI. CONCLUSION

Plaintiff has demonstrated a substantial likelihood of success on the merits of his claims under the ADA and Section 504, irreparable harm absent relief, that the balance of equities favors him, and that the public interest would be served by granting the requested injunction.

Accordingly, Plaintiff respectfully requests that the Court grant the Motion for a Preliminary Injunction to restore his rights, prevent further retaliation, and ensure that Defendant complies with its legal and ethical obligations.

Dated: December 15, 2024,

        Respectfully submitted,

        /s/ Ian Hunter Lucas
        **IAN HUNTER LUCAS**
        Plaintiff, Pro Se
        PMB 61
        Elizabethtown, NC 28337
        (910) 872-3577
        ian.h.lucas@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2024, a copy of the foregoing **Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction** was served via the Court's electronic filing system upon counsel of record for Defendant.

/s/ Ian Hunter Lucas
**IAN HUNTER LUCAS**