IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, ) | |
|     Plaintiff, ) | Civil Action No. 3:23-cv-01359 |
| ) | |
| v. ) | Judge Richardson/Frensley |
| ) | |
| VANDERBILT UNIVERSITY et al. ) | |
|     Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISQUALIFICATION OF THE HONORABLE ELI J. RICHARDSON**

Plaintiff, *pro se*, respectfully submits this Memorandum of Law in support of his Motion for Disqualification of the Honorable Eli J. Richardson. For the reasons set forth below, federal statutes, controlling Sixth Circuit precedent, and established ethical principles all compel the disqualification of Judge Richardson, whose ongoing professional affiliation with Vanderbilt University—the Defendant in this action—creates a reasonable appearance of bias and raises serious questions regarding judicial impartiality and the integrity of the proceedings.

This case involves claims by Plaintiff against Vanderbilt University, an entity with which Judge Richardson maintains a current and active professional relationship, as he serves as an Adjunct Professor at Vanderbilt University Law School. The Judge's status as an alumnus of Vanderbilt University, combined with his ongoing service as a member of its faculty, exceeds any mere historical or attenuated connection; instead, it establishes a sustained and contemporary association that a reasonable person would believe could influence the Judge's impartiality.

The judiciary's legitimacy rests on the perception that judges remain neutral and detached decision-makers, free from any extrajudicial influences. The United States Supreme Court, Congress, and the Sixth Circuit have all recognized the need for judges to step aside

whenever their impartiality might reasonably be questioned. Here, the facts support that conclusion. In order to ensure fairness, maintain public confidence, and avoid the appearance of judicial misconduct, this Court should grant the Motion for Disqualification and assign a judge who is unburdened by potential conflicts of interest.

Two primary statutes govern judicial disqualification: 28 U.S.C. §§ 144 and 455. Under 28 U.S.C. § 144, if a party files a timely and sufficient affidavit asserting that the presiding judge harbors personal bias or prejudice, the judge must "proceed no further" and another judge must be assigned. See *Sine v. Local No. 992, Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (6th Cir. 1989). Separately, 28 U.S.C. § 455(a) mandates that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This statutory standard is objective: the issue is not whether the judge believes he can be fair, but whether a reasonable and informed observer would perceive a risk of partiality. See *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

The Supreme Court has repeatedly underscored that § 455 is concerned not only with actual bias, but also with the appearance of bias, because the appearance of partiality undermines public confidence in the judiciary. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009) (requiring recusal where circumstances "offer a possible temptation to the average ... judge to ... lead him not to hold the balance nice, clear, and true"). The Sixth Circuit follows this standard rigorously. Even the hint of partiality can damage the perception of fairness that is vital to the judicial process. *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). Judge Richardson's status as both an alumnus and an Adjunct Professor at Vanderbilt University Law School creates an ongoing, active affiliation with the Defendant. This is not a remote or merely historical connection; it is a living, professional relationship that reasonably calls his impartiality into question.

The Sixth Circuit has recognized that entities such as universities, along with their

integral subdivisions, function as unified institutions rather than as independent segments. *Johnson v. University of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000). Vanderbilt University Law School, where Judge Richardson currently teaches, is part of Vanderbilt University itself. A reasonable observer, apprised of these facts, would harbor concerns that the Judge may be inclined—consciously or unconsciously—to favor his employer's or alma mater's interests over those of the Plaintiff.

Courts have long held that litigants do not need to prove actual bias to justify recusal. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Rather, recusal is warranted whenever the circumstances create an objectively reasonable question of impartiality. In this case, the perception that the Judge could be personally invested in, or sympathetic to, Vanderbilt University's welfare is both reasonable and unavoidable.

Beyond the statutory standards, the Code of Conduct for United States Judges admonishes judges to avoid impropriety and the appearance of impropriety in all their activities. See Code of Conduct for U.S. Judges, Canon 2. The commentary to Canon 2(A) emphasizes that a judge should behave in a way that maintains and promotes public confidence in the integrity and impartiality of the judiciary.

The American Bar Association Model Code of Judicial Conduct, frequently cited as persuasive authority, also provides that judges must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. ABA Model Code of Judicial Conduct, Rule 2.11. This standard has been supported by numerous secondary authorities, underscoring that the legitimacy of judicial rulings depends not only on the absence of actual bias, but also on maintaining an appearance of fairness. See Charles Gardner Geyh, **Judicial Disqualification: An Analysis of Federal Law** (2d ed. 2010).

Failing to recuse under these circumstances could be perceived as judicial misconduct, as it would suggest a possible breach of the judge's ethical duty to remain free from external influences. If the public believes that a judge is not neutral—particularly where there is an
Page 3 of 6

ongoing affiliation with one of the litigants—confidence in the fairness of the court's rulings is diminished. The potential harm to the judiciary's reputation and the litigants' faith in receiving an impartial hearing is profound.

Public trust in the judiciary hinges on the notion that judges decide cases solely based on the facts and law before them, unswayed by personal interest or affiliation. *Liljeberg*, 486 U.S. at 860. Permitting a judge to preside over a case involving an institution with which he is professionally and currently affiliated undermines this trust.

Disqualification in this instance does not reflect any impugning of the Judge's character; rather, it upholds the institutional principles of neutrality and fairness. By recusing, the Judge ensures that both parties, and the public at large, can have confidence that the outcome is not tainted by even the slightest suggestion of favoritism or conflict of interest.

Plaintiff has filed this Motion promptly upon discovering the nature and extent of the Judge's ongoing relationship with Vanderbilt University. The Motion is submitted in good faith, not as a tactic to delay or manipulate the proceeding, but to safeguard Plaintiff's right to an impartial tribunal, a right that is protected by the Due Process Clause of the Fifth and Fourteenth Amendments and by the tradition of judicial integrity that underpins the American legal system.

Courts have consistently affirmed that timely and good-faith motions for disqualification must be given careful consideration to prevent any miscarriage of justice. See *Union Planters Bank*, 115 F.3d at 383 (6th Cir. 1997) (noting that recusal motions address fundamental questions of fairness and the integrity of the process).

Judge Richardson's ongoing affiliation with Vanderbilt University, the Defendant in this action, creates a clear appearance of partiality under the objective standard applied by the Sixth Circuit and the U.S. Supreme Court. No litigant should be forced to wonder whether the presiding judge's allegiance to his current academic employer and alma mater might influence his rulings.

Under these circumstances, 28 U.S.C. §§ 144 and 455, as well as controlling Sixth Circuit precedent and widely accepted judicial ethics principles, mandate that the Judge be disqualified from further involvement in this matter. By granting this Motion for Disqualification, the Court will uphold the standards of impartiality, maintain public confidence in the judiciary, and ensure that justice is both done and seen to be done.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Motion for Disqualification and reassign this case to another judge who is free from any appearance of bias or partiality, thereby preserving the integrity of these proceedings and ensuring a fair and impartial adjudication of Plaintiff's claims.

Respectfully submitted,

*/s/ Ian Hunter Lucas*
**IAN HUNTER LUCAS**
Plaintiff, Pro Se
PMB 61
Elizabethtown, NC 28337
(910) 872-3577
ian.h.lucas@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2024, a copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISQUALIFICATION OF THE HONORABLE ELI J. RICHARDSON** was served via the Court's electronic filing system upon counsel of record for Defendant.

*/s/ Ian Hunter Lucas*
**IAN HUNTER LUCAS**