**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IAN HUNTER LUCAS,** | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 3:24-cv-01359** |
| v. | ) | **Judge Eli J. Richardson** |
| | ) | |
| **THE VANDERBILT UNIVERSITY** | ) | **TO BE FILED UNDER SEAL** |
| Defendant. | ) | **FOR IN CAMERA REVIEW** |
| | ) | |
| | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM FOR *IN CAMERA* REVIEW: DETAILED, DOCUMENT-BY-DOCUMENT ANALYSIS SUPPORTING MOTION TO SEAL**

Pursuant to the Sixth Circuit's standard articulated in *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), and this Court's Local Rule 5.03(a), Plaintiff Ian Hunter Lucas respectfully submits this detailed, document-by-document analysis for the Court's *in camera* review. This memorandum demonstrates that the public record in this closed action is so "inextricably intertwined" with a parallel, active, and statutorily sealed *qui tam* action that a full, temporary case seal is the only effective and, therefore, the most narrowly tailored remedy available.

The singular, compelling interest justifying the seal for each of the following documents is the need to prevent the circumvention of the False Claims Act ("FCA") seal, 31 U.S.C. § 3730(b)(2), and protect the government's ongoing investigation from prejudice, including evidence destruction, witness shaping, and the preemption of investigative strategy. *See State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 580 U.S. 26, 36 (2016).

## I. Documents Requiring a Full and Temporary Seal

The following documents contain information so pervasively intertwined with the sealed FCA matter that redaction is not a viable option. Attempting to redact these documents would either be futile—leaving a narrative that still reveals the substance of the sealed case—or would require redacting nearly the entire document, rendering the exercise meaningless.

### A. Foundational Pleadings and Attachments

- Documents:
  - The Complaint filed on October 6, 2024, and any subsequent amendments.
  - Any Attachments or Exhibits to the Complaint, such as contracts, correspondence, or institutional policies.
- **Justification for Full Seal:** This Complaint, arising from the same operative facts as the related *Lucas v. Jessee* action (Case No. 3:24-cv-00440), creates a second, independent public roadmap to the same sealed FCA matter. The Complaint and its attachments disclose the core elements the FCA seal is designed to protect:

1. **Identity of the Relator:** It publicly identifies Plaintiff as the individual with direct knowledge of the alleged misconduct.
2. **Identity of the Target**: It names Vanderbilt University as the primary defendant, confirming a target of the government's investigation.

3. **Factual Narrative**: It lays out a detailed narrative of events, including dates, locations, specific acts, and regulatory frameworks, which mirrors the factual predicate of the sealed *qui tam* complaint.

4. **Primary Evidence:** Any attachments to the Complaint constitute primary evidence. Publicly revealing the specific documents the relator possesses is catastrophically prejudicial, as it allows targets to identify and potentially destroy unproduced documents, alter related records, or pre-emptively craft exculpatory explanations for damaging evidence.

- **Why Redaction is Futile:** The harm lies in the narrative mosaic and the evidence itself. Redacting names and dates would not obscure the underlying story. More importantly, redacting exhibits would be pointless; their very existence on the docket confirms to the targets which documents are in the relator's possession. A full seal is the only effective remedy.

**B. Substantive Post-Dismissal Motion Practice**

- Documents:
  - Plaintiff's Motion to Strike the Notice of Voluntary Dismissal (filed Dec. 12, 2024).
  - Any supporting memorandum or declaration filed therewith.
- **Justification for Full Seal:** This motion, filed after the voluntary dismissal, is exceptionally prejudicial. To justify striking the dismissal, Plaintiff would have necessarily made substantive arguments regarding the case's merits, procedural

posture, and strategic importance. Public access to these arguments would reveal Plaintiff's strategic thinking, factual assertions, and perception of the case's value, all of which constitute sensitive work product and provide a window into the parallel FCA investigation.

- **Why Redaction is Futile:** The arguments themselves constitute the compromising information. It is impossible to redact a legal argument about why a case should proceed without revealing sensitive strategic calculations.

**C. Filings Explicitly Litigating Sealing**

- Documents:
  - Plaintiff's Motion for Leave to File Under Seal (filed Dec. 30, 2025).
  - Plaintiff's Motion to Seal Case (filed Dec. 30, 2025, provisionally under seal).
  - Any opposition from Vanderbilt University.
  - Any reply filed by Plaintiff.
  - Any Court orders ruling on these motions.
- **Justification for Full Seal:** These filings are the most overtly problematic. They explicitly state that a parallel, sealed FCA action exists and explain its connection to this case. Leaving these documents public would be an absurd and self-defeating result. They are the "Rosetta Stone" that allows any observer to definitively interpret this case file as a proxy for the FCA action. Even a court

order ruling on the motion must be sealed, as its analysis would reveal the confidential basis for the dispute.

- **Why Redaction is Futile:** The entire subject matter of these documents is the confidential information at issue. Redacting references to the FCA would require deleting virtually all substantive content, rendering them incomprehensible.

**II. Documents Potentially Suitable for Partial Sealing (Redaction)**

Plaintiff maintains that a full, temporary case seal is the most effective and appropriate remedy. However, in deference to the Court's preference for narrow tailoring, Plaintiff identifies the following categories of documents where partial sealing through targeted redaction *may* be possible, although a full seal remains the safer course due to the "mosaic" risk.

**A. Summonses and Service-Related Documents**

- **Documents:** Any Summons Issued and Summons Returned Executed.
- **Justification for Redaction:** These documents publicly link Vanderbilt to the fact that a lawsuit has been initiated against it based on the allegations in the sensitive complaint.
- **Proposed Redactions:** To the extent these filings attach or re-print excerpts from the complaint, those attachments must be fully redacted. The entry should be limited to showing that a summons was issued or returned as to a named party, without providing any substantive context.

### B. Dismissal Filings and Related Orders

- Documents:
    - Plaintiff's Notice of Voluntary Dismissal (filed Nov. 16, 2024).
    - The Court's subsequent Order of Dismissal and Order ruling other motions moot.
- **Justification for Redaction:** The core operative language of these documents—that the case is dismissed without prejudice—is not inherently sensitive. However, the Court's order dismissing the case and ruling the Motion to Strike moot may contain recitals or a background summary that references the nature of the dismissed claims or the arguments made.
- **Proposed Redactions:** The core decretal language ("the case is dismissed" and "all other motions are DENIED as moot") should remain public. However, any background sections, recitals, or clauses that describe the underlying allegations or summarize the parties' arguments should be redacted. This preserves the public's ability to see the case's final disposition without re-publishing the sensitive factual predicate.

### C. Miscellaneous Clerk's Entries and Text-Only Orders

- **Documents:** Any docket entries related to notices of appearance, text-only orders setting deadlines, or other purely administrative filings.

- **Justification for Redaction:** Most of these entries are ministerial and harmless. However, any entry that summarizes a party's filing or a judge's reasoning, even in brief, should be reviewed for potential redaction.

- **Proposed Redactions:** Redaction of any substantive summary language. For example, a text entry stating, "Motion to Strike filed by Plaintiff arguing [substantive reason]," should have the summary of the argument redacted.

As this detailed analysis demonstrates, the documents on the docket of this case, particularly the foundational complaint and its attachments, are saturated with information that directly compromises the confidentiality of a sealed FCA investigation. This case, arising from the same facts as *Lucas v. Jessee*, serves as a second, independent public roadmap to the same sealed matter. While redaction may be theoretically possible for a small number of purely procedural documents, the core filings cannot be redacted without futility. This analysis confirms Plaintiff's original thesis: the interconnected, "mosaic-like" nature of the record makes a complete, temporary case seal the only remedy that is both effective and truly "narrowly tailored" to prevent the irreparable harm of premature disclosure.

Plaintiff therefore respectfully reiterates his request for a temporary seal of the entire case file, to remain in effect only so long as the parallel *qui tam* action remains under seal.

Dated: January 22, 2026

Respectfully submitted,

/s/ *Ian Hunter Lucas*
Ian Hunter Lucas
PMB 61
Elizabethtown, North Carolina 28337
Direct: 910-600-3040
ian.h.lucas.1@outlook.com
*Plaintiff Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Ian Hunter Lucas*
Ian Hunter Lucas