**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IAN HUNTER LUCAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-01359** |
| | ) | |
| **v.** | ) | **Judge Richardson** |
| | ) | |
| **VANDERBILT UNIVERSITY, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## VANDERBILT UNIVERSITY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES

This case has been closed for more than a year following Plaintiff's notice of voluntary dismissal. (Doc. No. 27.) Despite the closed posture of this case, Plaintiff has since filed fourteen documents seeking various forms of relief. (*See* Doc. Nos. 28-29, 31-35, 38-44.) Most recently, Plaintiff moved to seal the record in this case, and, after receiving Vanderbilt University's Response in Opposition, he now seeks leave to file a twenty-two-page reply.[1,2]

Vanderbilt University's opposition to Plaintiff's Motion for Leave is brief and straightforward – Plaintiff filings are excessive and unnecessary in light of the more than twenty-eight pages already filed in support of his Motion to Seal. Additionally, Plaintiff's proffered justification, that Vanderbilt University's response raised complex legal issues, does not pass muster. Vanderbilt University's opposition to the Motion to Seal was founded on two grounds: (1) the motion was procedurally deficient, and (2) the Federal Claims Act

[1] Notably, Plaintiff has already filed a fourteen-page Reply Brief (Doc. No. 38), an additional fourteen-page Memorandum in Support (Doc. No. 39), and the twenty-two-page Reply giving rise to this motion – all in excess of the five-page limit specified in the local rules. *See* M.D. Tenn. R. 7.01 ("An optional reply memorandum may be filed within seven (7) days after service of the response, and shall not exceed five (5) pages without leave of Court.").

[2] On January 30, 2026, Plaintiff filed an additional Motion to Submit a Supplemental Memorandum Under Seal for In Camera Review.

does not provide justification for sealing a case that had been publicly available and closed for over a year.[3] Neither position raises complex or novel theories of law, and neither justifies seventeen additional pages of briefing.

Given the extensive briefing already done on this issue, and in the absence of proper justification, Vanderbilt University respectfully requests that the Court deny Plaintiff's Motion for Leave.

Respectfully submitted,

s/ JP Horton

Kevin C. Klein (#23301)
Matthew JP Horton II (#38724)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
Kevin.klein@kleinpllc.com
jp.horton@kleinpllc.com

*Counsel for Defendant Vanderbilt University*

[3] In its Response in Opposition to Plaintiff's Motion to Seal, Vanderbilt University mistakenly attributed an April 25, 2024, Order from Judge Crenshaw to this Court. The April 25, 2024, Order was entered in case No. 3:24-cv-00440, involving the same Plaintiff and Vanderbilt University, and addressing a Motion to Seal in that case. Undersigned counsel apologizes for that mistake and any confusion it may have caused.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES** on the Court's CM/ECF system on this 4th day of February, 2026, which forwarded a copy to:

Ian Lucas
PMB 61 Elizabethtown
North Carolina, 28337
ian.h.lucas@protonmail.com

*Plaintiff Pro Se*

s/ JP Horton