IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **IAN H. LUCAS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**VANDERBILT UNIVERSITY, ET AL.,**<br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:24-cv-01359**<br><br>**Judge Eli Richardson**<br><br>**Magistrate Judge Frensley** |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE EXCESS PAGES

Plaintiff Ian H. Lucas, proceeding *pro se*, submits this reply to the opposition (Doc. No. 45) filed by Vanderbilt University ("Vanderbilt"). Vanderbilt's opposition is an exercise in breathtaking hypocrisy and constitutes a bad-faith attempt to manipulate this Court's rules to gain an unfair tactical advantage. Having previously filed a substantive, fifteen-page opposition brief on these exact issues in a related matter (Case No. 3:24-cv-00440, Doc. No. 96), Vanderbilt now argues with a straight face that those same issues are so "brief and straightforward" that Plaintiff must be confined to a five-page response. This is not a good-faith legal argument; it is a brazen act of litigation gamesmanship designed to hamstring Plaintiff, obstruct the development of a complete record, and retaliate against Plaintiff for challenging the procedural integrity of Vanderbilt's prior filings.[1] For the reasons set forth below, this Court should reject Vanderbilt's transparent tactics and grant Plaintiff's motion.

[1] Vanderbilt's opposition is transparently retaliatory. In a related case, on January 13, 2026, Vanderbilt's counsel, Mr. JP Horton, filed a fifteen-page opposition brief (Case No. 3:24-cv-00440, Doc. No. 96) despite not having entered an appearance, a direct violation of M.D. Tenn. R. 83.01(b). On February 3, 2026, Plaintiff filed a Motion to Strike (Case No. 3:24-cv-00440, Doc. No. 105) based on this clear rule violation. In a tacit admission of his error, Mr. Horton filed a Notice of Appearance the very next day. (Case No. 3:24-cv-00440, Doc. No. 106). Mere hours later, Mr.

Good cause for excess pages is mandated by the complexity of Vanderbilt's own substantive opposition. Vanderbilt's assertion that its opposition was "non-complex" is a flagrant misrepresentation of its own arguments, designed solely to prevent a fair and thorough adjudication of the underlying Motion to Seal. First, Vanderbilt disingenuously characterizes its argument that Plaintiff's Motion to Seal was "procedurally deficient" as a simple point that fails to "pass muster." This is patently false. The Sixth Circuit has established an exceptionally high bar for sealing court records, requiring a party to demonstrate a "compelling reason" for secrecy through a demanding, multi-factor analysis. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016). By attacking Plaintiff's motion as "procedurally deficient," Vanderbilt has directly placed this entire complex, fact-bound analysis at issue, forcing Plaintiff to prepare a reply that meticulously addresses each element. A five-page limit makes it impossible to provide the Court with the specific findings and analysis that the Sixth Circuit requires. Vanderbilt created the need for this detailed rebuttal; it cannot now be heard to complain about its requisite length.[2]

Beyond the merits, Vanderbilt's opposition is procedurally improper and fatally undermined by its own conduct. It is a transparently retaliatory filing

---

Horton filed an almost identical opposition in that matter (Case No. 3:24-cv-00440, Doc. No. 107). This sequence of events stretches the bounds of coincidence to the breaking point. This opposition, and the one preceding it, are not good-faith legal arguments; they are a petty and retaliatory response to being caught violating this Court's rules, constituting bad-faith litigation tactics sanctionable under Fed. R. Civ. P. 11 and the Court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

[2] It is, in fact, Vanderbilt's superficial dismissal of binding Sixth Circuit precedent that "does not pass muster." To suggest that a proper rebuttal to a claim of procedural insufficiency under *Shane Group* can be accomplished in five pages demonstrates either a fundamental misunderstanding of the controlling law or a deliberate attempt to trivialize it for tactical gain. Neither reflects well on the proponent of such an argument.

from a party that comes to this Court with unclean hands. The most audacious element of Vanderbilt's opposition is its complaint about page counts. This objection comes from a party that itself filed a fifteen-page opposition brief on these exact issues in a related matter—a document *three times* the length of a standard reply—to advance its arguments. Vanderbilt's sanctimonious reference to the "more than twenty-eight pages" Plaintiff has already filed is a desperate diversionary tactic. Vanderbilt's position amounts to a demand that it be allowed to speak for fifteen pages while Plaintiff is gagged after five.

This is not a request for procedural regularity; it is a request for a gross procedural imbalance in its favor, which is an affront to the "orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).[3] Furthermore, the context and timing of Vanderbilt's opposition pattern reveal its true nature as an act of retaliation. As detailed in Footnote 1, Vanderbilt's opposition in the related case was filed mere hours after being forced to cure a blatant procedural violation that Plaintiff brought to the Court's attention. Federal Rule of Civil Procedure 11 explicitly prohibits filing any motion for an "improper purpose, such as to harass." Fed. R. Civ. P. 11(b)(1). Vanderbilt's opposition is not a good-faith argument on the merits; it is a punitive measure intended to harass Plaintiff and obstruct the resolution of the Motion to Seal.

---

[3] One must marvel at the audacity required for a party to file a fifteen-page brief—200% over the five-page limit it now seeks to rigidly enforce against Plaintiff—and then complain about the page count of the responsive filing. Vanderbilt's position is logically indefensible: it believes its own arguments warranted fifteen pages of explanation, but that Plaintiff's rebuttal to those same arguments is worth only five. This Court should not endorse such a lopsided view of procedural fairness.

Vanderbilt's opposition is a masterclass in hypocrisy. The argument, in essence, is this: Vanderbilt's briefing deserves fifteen pages, but Plaintiff's response deserves only five. This is not a legal position; it is a procedural absurdity. Having chosen to file a lengthy and complex opposition, Vanderbilt cannot now feign surprise that a thorough rebuttal requires more than the five-page limit it seeks to weaponize. It made this bed and must now lie in it. This Court should see this retaliatory filing for the cheap tactical ploy that it is. The motion should be granted.

Dated: February 5th, 2026,

Respectfully submitted,

/s/ *Ian H. Lucas*____________
Ian H. Lucas
*Plaintiff Pro Se*
PMB 61
Elizabethtown, NC 28337
(910) 600-3040
ian.h.lucas.1@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Ian H. Lucas*__________
Ian H. Lucas