IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IAN HUNTER LUCAS,<br><br>Plaintiff,<br><br>v.<br><br>VANDERBILT UNIVERSITY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:24-cv-01359<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court are two motions to seal filed by Plaintiff, Ian Hunter Lucas. The first is a "Motion For Leave To File Under Seal The Motion To Seal And Supporting Exhibits." (Doc. No. 32, "First Motion to Seal"). The second is a "Motion To Seal Case" (Doc. No. 33, "Second Motion to Seal," and collectively with the First Motion to Seal, "Motions to Seal"). The First Motion to Seal (Doc. No. 32) was filed not under seal and seeks to seal the Second Motion to Seal (Doc. No. 33), which itself was filed under seal. The Second Motion to Seal seeks to seal this entire action. (Doc. No. 33 at 1). The crux of the Motions to Seal is that this action is somehow intertwined with a separately filed *qui tam* action (an action that Plaintiff does not identify) and that this "intertwinement" somehow justifies not only the sealing of the Second Motion to Seal but also the sealing of this entire case. (Doc. No. 38, at 5-6). Defendant Vanderbilt University (hereinafter, "Vanderbilt")[1], has filed a response (Doc. No. 37) in opposition to the Motions to Seal. Plaintiff has filed a further reply (Doc. No. 38) in support of the Motions to Seal.

[1] Vanderbilt University School of Nursing is also a defendant in this action but did not file a response to the Motions to Seal, or to any of Plaintiff's other motions pending before the Court.

Also pending before the Court are three additional motions. The first is Plaintiff's "Emergency Motion to Strike Improperly Filed Document and Maintain Provisional Seal" (Doc. No. 41, "Motion to Strike"), wherein Plaintiff seeks to place the Second Motion to Seal under seal (even though it is already under seal). The second is Plaintiff's motion for leave to file excess pages (Doc. No. 42, "Excess Pages Motion"), wherein Plaintiff seeks leave to file a 22-page reply brief in support of the Motions to Seal. And the third is Plaintiff's "Motion to Submit Supplemental Memorandum" (Doc. No. 43, "Supplemental Memorandum Motion"), wherein Plaintiff seeks leave to file a supplemental memorandum in further support of the Motions to Seal.

For the reasons discussed herein, each of the pending motions (Doc. Nos. 32, 33, 41, 42, 43) is hereby **DENIED**.

## MOTION TO STRIKE

Via the Motion to Strike (Doc. No. 41), which the Court opts to address first, Plaintiff "moves for the immediate entry of an order directing the Clerk of Court to strike [the Second Motion to Seal] (Doc. No. 33) from the public docket and maintain it under seal. This emergency motion is necessary to correct a clerical error that resulted in the public filing of a document that, by its very nature and pursuant to Local Rule 5.03(d), must be provisionally sealed." (Doc. No. 41 at 1). Here, the Court notes that contrary to Plaintiff's assertion, the Second Motion to Seal is (at least as of the time of the writing of the instant order) under seal. Accordingly, the Motion to Strike (Doc. No. 41) is hereby denied as moot.

## EXCESS PAGES MOTION

Via the Excess Pages Motion (Doc. No. 42), "Plaintiff respectfully requests leave to file a reply brief of up to twenty two (22) pages" in further support of the Motions to Seal. (Doc. No. 42 at 2). Plaintiff has already filed a 13-page reply in support of the Motions to Seal at Docket No. 38

and so it seems to the Court that Plaintiff's Motion is directed at receiving permission to file a second reply (this one 22-pages long), which, as it turns out, Plaintiff went ahead and filed at Docket No. 40 without leave of the Court. Vanderbilt has filed a response (Doc. No. 45) in opposition to the Excess Pages Motion, and Plaintiff has filed a further reply (Doc. No. 46) in support of the Excess Pages Motion.

The Court can discern no reason why Plaintiff needs to file an additional reply (Doc. No. 40) in support of the Motions to Seal after Plaintiff has already filed one reply (Doc. No. 38) — which is almost triple the length authorized without leave of court, per this Court's Local Rules— in support of the Motions to Seal. Still less can the Court discern any reason why Plaintiff needs to file an additional *22-page* reply, given the already extensive briefing on the Motions to Seal. Accordingly, the Excess Pages Motion (Doc. No. 42) is hereby denied, and additionally the Clerk of the Court will be directed to strike Plaintiff's additional (and unauthorized) reply at Docket No. 40.[2]

## SUPPLEMENTAL MEMORANDUM MOTION

Via the Supplemental Memorandum Motion (Doc. No. 43), Plaintiff seeks leave to file a supplemental memorandum in further support of the Motions to Seal. The supplemental memorandum that Plaintiff thereby seeks to file was filed under seal by Plaintiff at Docket No. 44. Upon review of that supplemental memorandum, the Court can discern no benefit to considering the supplemental memorandum when deciding the Motions to Seal. Accordingly, the Supplemental Memorandum Motion (Doc. No. 43) is hereby denied, and the Court will not consider Plaintiff's supplemental memorandum (Doc. No. 44) in its decision on the Motions to Seal herein.

[2] Plaintiff also appears to have filed another unauthorized brief at Docket No. 39 in support of the Motions to Seal. The Court will direct the Clerk likewise to strike this unauthorized brief.

## MOTIONS TO SEAL

In his Motions to Seal (and the briefing in support thereto), Plaintiff asserts that the False Claims Act ("FCA") provides a basis for sealing a civil action when that action is intertwined with a separately filed *qui tam* action. (Doc. No. 38 at 5-6). This argument fails for two reasons. First, the FCA, by its plain text, does not provide this basis. Rather the FCA provides that "the complaint [in the *qui tam* action] shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). Thus, although the FCA provides a justification for the sealing of a *qui tam* action, the FCA does not provide any sort of justification for sealing actions that may or may not be related to (or intertwined with) that *qui tam* action. Second, although Plaintiff refers to a separately filed *qui tam* action throughout his briefing (Doc. Nos. 33, 38) on the Motions to Seal, Plaintiff has provided the Court with no basis to conclude that the *qui tam* action to which he refers is in fact extant (under seal or otherwise) or that the purported *qui tam* action is actually related to this action at all.

Plaintiff also argues that because this case is now closed as a result of Plaintiff's voluntary dismissal of it,[3] the public's interest in accessing the judicial records comprising this action is diminished. (Doc. No. 33 at 3; Doc. No. 38 at 11). Plaintiff cites no case law in support of this proposition, and the Court could identify none. Indeed, as this Court recently put it, "[o]nce documents are filed with the Court, there is a 'strong presumption that they should be open to the public.'" *Squier v. Fayette Cnty.*, No. 3:25-CV-1505, 2026 WL 123300, at *3 (M.D. Tenn. Jan. 13, 2026) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177-79 (6th Cir. 1983)). In other words, even though this case is closed, the public is still entitled to assess the

[3] This dismissal was effected by Plaintiff's filing of a proper notice of voluntary dismissal (Doc. No. 22) pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and was thereafter acknowledged by the Court in an order dated December 12, 2024 (Doc. No. 27).

merits of the judicial decisions underlying this action. *Cf. Doe v. Lee*, 599 F. Supp. 3d 701, 705 (M.D. Tenn. 2022) ("It is understood that 'the public is entitled to assess for itself the merits of judicial decisions.'" (quoting *Brown*, 710 F.2d at 1180)). Indeed, although Plaintiff asserts that in this action there is "No Judicial Decision to Assess" and that the Court's role overseeing this case was "purely ministerial," (Doc. No. 38 at 10)—an assertion that is fair enough as regards the *ultimate dismissal* of the action—the assertion is inaccurate with respect to the case as a whole because the Court has issued at least one order (Doc. Nos. 21) that is substantive and not merely "ministerial."

Taken together, Plaintiff has plainly failed to overcome the heavy burden to justify the sealing of all or even parts of this action. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (noting that the burden to seal "is a heavy one" and that "[o]nly the most compelling reasons can justify non-disclosure of judicial records.").

## CONCLUSION

For the reasons described herein, the Motion to Strike (Doc. No. 41) is **DENIED** as moot. Additionally, the Excess Pages Motion (Doc. No. 42) and the Supplemental Memorandum Motion (Doc. No. 43) are each also **DENIED**. Further, the Motions to Seal (Doc. Nos. 32, 33) are **DENIED**. Moreover, for the reasons described above, the Clerk of the Court is **DIRECTED** to strike the filings at Docket Nos. 39 and 40. Finally, in light of the Court's denial of the Motions to Seal, the Clerk of the Court is **DIRECTED** to unseal the filings (Doc. Nos. 33, 33-1, 44) that Plaintiff has made under seal in connection with the Motions to Seal.

This case remains closed.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE